## GENERAL EXCHANGE INS. CORPORATION v. KEAN'S, Inc., et al.

### No. 1907.

Court of Appeal of Louisiana.
First Circuit.

Nov. 17, 1938.

Blanche, Hebert & Wilson and Starring & Walsh, all of Baton Rouge, for appellant.

Albritton, Hardin & Ware, of Baton Rouge, for appellees.

DORE, Judge.

The plaintiff, as the insurance carrier of Maurice C. Clements, paid the sum of $166.68 in full settlement of damages caused to the Clements car in a collision with a truck owned by defendant, Kean's Inc., and which truck was being driven by the other defendant, John E. Browning, while acting in his capacity as an employee of Kean's Inc. It is alleged that the total damage to the Clements car was $233.87 and that Clements subrogated plaintiff to all his rights against any and all persons on account of the damage. The suit is to recover the full amount of the alleged damage of $233.87.

The plaintiff alleges that Clements was driving south on Tecumseh Street at about 10:15 A. M. on October 1, 1937, in what is known as Suburb Istrouma, and the said Browning was proceeding east on Erie Street at an excessive rate of speed; that said Browning was not keeping a proper lookout and did not have control of the truck he was driving; that Clements was driving at a moderate rate of speed and observing the way ahead; that when Clements had almost passed the intersection of the said two streets, his Chevrolet car was struck near its rear right end by the front of the Kean's truck and thrown against a post at the southeast corner of the intersection.

Both defendants admit the collision and also admit that Browning was driving the truck and acting within the scope of his

employment. They deny that Browning was guilty of any negligence. They allege that before entering the intersection Browning was driving about fifteen miles per hour in the center of Erie Street going east; that he slackened his speed; that after he had entered the intersection, Clements suddenly drove his car into the intersection directly in front of the truck at an excessive speed, 25 to 30 miles per hour, without giving any signal whatever; that Browning tried to stop his truck and tried to avoid striking the Clements car, but the left front part of the truck struck the right rear part of the car driven by Clements; that the collision occurred near the center of the intersection, and the Clements car was going at such an excessive speed that it went on across the remainder of the intersection and struck a post near the southeast corner of the intersection. It is also alleged that Clements had been drinking intoxicating liquors and was partly under the influence of intoxicating liquor at the time of the accident.

Defendants plead, in the alternative, that if Browning was guilty of any negligence, Clements was guilty of such contributory negligence as to bar recovery by plaintiff in that Clements was driving at an excessive and reckless speed, was not keeping a proper lookout and made no effort to avoid the collision.

The trial judge, being of the opinion that both Clements and Browning were guilty of negligence contributing to the accident, dismissed plaintiff's suit. From that judgment of dismissal, plaintiff has appealed.

Browning admits in his testimony, which is contrary to his answer, that the collision occurred on the southeast corner of the intersection. He also admits that the front bumper of his truck hit the rear right fender of the Clements car. Browning says he saw Clements' car when it was 10 or 15 feet from the intersection; that Clements was then crossing the intersection; that he (Browning) was driving about 15 miles per hour. If this testimony is true, it is obvious that Browning went almost across the intersection plus this 10 or 15 feet after seeing Clements and before he struck him. If he was going only 15 miles per hour as he claims, there is no reason why he should not have stopped his truck or pulled it to the left so as not to strike Clements, as he says himself that he could stop his truck in 10 or 15 feet going at the rate of 15 miles per hour.

Yet, according to his own testimony, he went some forty feet after seeing Clements in the intersection and struck him in the southeast corner. Browning was guilty of negligence according to his own testimony.

We find that Browning's account of the collision is rather vague and conflicting. While, as already stated, he says that he first saw the Clements car when he was 10 or 15 feet from the intersection as the Clements car was crossing the intersection, yet at another place he says that he was about 10 feet from Clements when he first saw him and at that time Clements was driving to his right of the street. It seems to us that if we accept either of these statements, we must conclude that Clements was in the intersection when Browning first saw him, and if Clements was then over near his right side of the street, he must have pulled to his left in order to get over on the southeast corner of the intersection where he was struck. If Clements was driving near the center of the street, or to his left, then Browning had a still better opportunity to see him and stop his truck or drive around the rear of the Clements car; Clements lacked only two or three feet of clearing the intersection when his car was struck on the rear right end by the truck, the rear end of the Clements car being thrown around some four or five feet against the telephone post on the southeast corner.

■ These facts indicate to us that the Clements car entered the intersection first, and consequently had a right to proceed across in front of the truck as it attempted to do, even though the truck originally had the right of way. Clements was not guilty of negligence in entering the intersection, and the testimony does not show that he was driving at an excessive rate of speed. If Clements was guilty of negligence, it was after he entered the intersection. As he was practically across the intersection when the rear of his car was struck, we do not know of anything that he could have done to avoid the accident, unless it was to speed up his car and get out of the way. But he had reasonable grounds to believe that the truck would slow down or turn to his rear in passing him after he had practically crossed the intersection.

It is true that Clements says he did not see the truck until he was about in the middle of the intersection and that the truck

was then about forty feet away. If this is true, there is still nothing to show any negligence on his part as in that case he was in the middle of the intersection before the truck reached it. If Clements was negligent in not seeing the truck sooner, it is clear that such negligence did not have anything to do with the accident, as he would have had the right to proceed across the intersection, having entered it first, and having no occasion to stop his car to let the truck pass in front of him as he was almost across when struck.

We do not think that defendants have proved that Clements was under the influence of liquor. In any event, if he had taken a drink, it does not appear that his condition was such as to affect his driving in the least.

Counsel for plaintiff find considerable fault with our opinion in the case of Mese v. Summers et al., 170 So. 510. They construe our opinion in that case to mean that the plaintiff had no right to enter a right of way street from a less favored street when he saw the lights of a cab almost a block away coming along the right of way street. From this interpretation of our opinion, they project the rather gloomy prospect of a motorist approaching a right of way street in Baton Rouge having to remain stationary at a right of way crossing for an almost indefinite period, as such motorist would likely see an approaching vehicle on the right of way street a block or so away almost constantly. Such an interpretation of our opinion indicates that counsel have not read the opinion carefully or else they misunderstand it.

We did not hold in that case that the plaintiff was negligent in entering the right of way street when he saw the lights of the approaching cab a block away, but we held that he was negligent in failing to look any more in the direction and in failing to stop his car before colliding with the cab, when his own testimony showed that he could have easily stopped his car had he been keeping a proper lookout and had his car under proper control. He was crossing a much traveled right of way street at night and in a misting rain. If plaintiff in that case had a right to cross such a street without looking a single time to his right for oncoming traffic as he was crossing under these conditions, it seems to us that all motorists on a right of way street would be compelled, at their peril, to look out for the safety of a motorist after he started across such a street. Our opinion was fully justified from the facts as we found them and supported by the authorities there cited to which could be added many others, particularly that of Pugh v. Henritzy, La.App., 151 So. 668.

The rule that a motorist is not guilty of contributory negligence on entering a right of way street where another motorist is seen approaching on such street a sufficient distance to permit the crossing to be made in safety if the approaching motorist is driving at a reasonable speed and observing the law, does not mean that the motorist entering such a street in front of such approaching vehicle has a right to close his eyes and proceed across, regardless of the conditions of traffic and the dangers involved, disregarding his own means of safety.

The plaintiff insurer paid $166.68 and Clements paid $50 in order to repair the damage to the Clements car caused by the wreck. Defendants are liable for the damage to the car, which was $216.68. Clements assigned all of his claims to plaintiff and it stands in his shoes and is entitled to recover the damage resulting from the negligence of Browning.

For these reasons, the judgment appealed from is reversed, annulled and set aside, and it is now ordered that the plaintiff do have and recover judgment against defendants, in solido, in the full sum of $216.68, with legal interest thereon from judicial demand until paid, and all costs.