## HARRIS v. BROCK.

No. 2035.

Court of Appeal of Louisiana. First Circuit. Nov. 9, 1939.

Roland C. Kizer, of Baton Rouge, for appellant.

Blanche, Hebert & Wilson, of Baton Rouge, for appellee.

LE BLANC, Judge.

This is a suit for damages for personal injuries and incidental expenses in connection therewith, arising out of an intersectional collision between a bicycle and an automobile at Government and Iberville streets in the City of Baton Rouge near eight o'clock in the evening on Sunday, May 30, 1937.

Plaintiff, Walter Harris, alleges in his petition that he was travelling east on a bicycle, on Government Street, holding to his right or the south side of the street, at a moderate rate of speed and that as he approached the intersection of Iberville Street which it might be stated does not cross Government Street, but only runs into it from the south, he was maintaining a proper lookout and on observing that the way was clear he continued into the intersection and as he proceeded across, the defendant, J. W. Brock, driving a Dodge automobile, suddenly and without warning, turned sharply across Government Street to the south and ran into him, knocking him violently to the pavement and causing the injuries and damages for which he seeks to recover judgment. He charges the defendant with gross negligence in his failure to have kept a proper lookout and in his carelessness and recklessness in driving and operating his automobile.

The demand is for the sum of $1,111.60, of which $500 is for physical injury, $500 for pain and suffering, $75 for loss of time at work, $31 for doctor and medical bills and $5.60 for repairs to the bicycle which belonged to someone else and which plaintiff had borrowed.

The defendant's answer may be said to constitute a general denial and from the affirmative averments which it contains, a charge that the plaintiff's own negligence and carelessness was the sole cause of the accident and his resulting injuries and damages.

Defendant sets out in substance that he was driving in a cautious manner with the lights on his car burning brightly, going

west on the north side of Government Street keeping a careful lookout; that on nearing the point where Iberville Street runs into Government he slowed down his car as he intended to turn left into Iberville Street. That he looked in all directions for approaching traffic and seeing none that would interfere with his turning, shifted his car into low gear and started to make the turn to the south. That after he had gone across the south side of Government Street and had actually entered Iberville, the plaintiff, riding his bicycle at a fast rate of speed, in a reckless manner and without lights, came into the intersection and turned to his right, that is south on Iberville Street and after both vehicles had proceeded about ten feet in Iberville Street, plaintiff ran his bicycle into and collided with the automobile.

Defendant denies that he was guilty of any negligence but in the alternative pleads contributory negligence against the plaintiff in many particulars which summed up may be said to be his failure to keep a proper lookout, riding a bicycle after dark without lights, failure to yield the right of way after the automobile had entered and pre-empted the intersection and in general, failure to keep the bicycle under proper control so as to avoid running into the automobile after it had entered Iberville Street on the south. As a further alternative, defendant pleads the doctrine of last clear chance on the part of the plaintiff.

On these issues the case went to trial and the district judge in assigning written reasons for judgment in which he carefully analyzed the testimony came to the conclusion that both plaintiff and defendant were at fault and consequently there could be no recovery. He rendered judgment dismissing the plaintiff's suit and the latter has appealed.

The only two witnesses to the actual collision were the two principals in the case. Two other witnesses claimed to have been standing on the north side of Government Street facing Iberville but neither saw the accident itself, their attention having been evidently attracted by the noise of the impact. Except for fixing the point where they saw the car and bicycle after they had stopped their testimony is unimportant and on this point it is made doubtful in view of former statements made by them to counsel representing the defendant at the time they were investigating the accident.

The testimony of plaintiff and defendant is so strongly in conflict that it is futile to even attempt to reconcile it.

Government Street is shown to be thirty-six feet wide, it is a very important artery of traffic in the City of Baton Rouge and is a right of way street. Both plaintiff and defendant were on that street and had equal rights, but as defendant was making a left hand turn it would seem that ordinarily when he started to make that turn he yielded the right of way to traffic which, like the bicycle, was going in the opposite direction to him on Government Street, provided he had not pre-empted the intersection where he was making the turn. From the testimony found in the record it is impossible to establish how far the bicycle was from the intersection at the moment defendant began to make his turn. The most that we can gather from the defendant's testimony is that when the automobile was well in the mouth of Iberville Street, the bicycle was about ten feet away from him. If that be so, it is apparent that the bicycle was at a sufficient distance from him at the time he started to make the turn as not to interfere with his maneuver. Government Street is thirty-six feet wide, as already stated, and assuming that he was near the center when he turned his car to the left he had only about twenty or twenty-five feet to go before clearing it, and, going at a slow rate of speed as it is shown he was, plaintiff must have been at a considerable distance while this was going on if, when the car had practically entered Iberville Street, he was still ten feet away. There is no reason why plaintiff should not have seen the automobile during all this time and brought his bicycle under proper control to avoid running into it.

█ Plaintiff by his own testimony seems to have relied on the assumption that no one was going to make a left hand turn in the intersection. He repeatedly states that he "never dreamed" that the car was going to turn to its left. His testimony leaves us with some doubt that he ever saw the automobile before it was in the intersection, but granting that he did, in the absence of any Ordinance or other regulation prohibiting a left hand turn, he had no right to assume that a car would not make such a turn, and go on his way relying on such an assumption.

█ Although from the testimony it is hard to determine at what exact point

the actual impact took place it appears positive that it was in Iberville Street not far from the west curve of that street which makes it obvious that defendant had pre-empted and in fact had almost traversed the intersection before plaintiff had reached the intersecting line. That being so, defendant had the right to assume that plaintiff would yield whatever right he may have had and would not run into him. General Exchange Insurance Corp. v. Kean's, Inc., La.App., 184 So. 410. We cannot see where any negligence has been shown on the part of the defendant and even if any would appear in the least, certainly the plaintiff cannot expect to recover under the proof of his own negligence which appears in the testimony.

For these reasons we have concluded that the judgment appealed from and which dismissed the plaintiff's suit is correct and it is accordingly affirmed.