This suit is the result of a collision between two automobiles which occurred on July 16, 1938, at about 11:40 A.M., at the intersection of Church and Plaquemine Streets in the Town of Plaquemine. Church Street runs north and south and Plaquemine Street runs east and west, thus crossing each other at right angle. On the southeast corner of the intersection is situated the St. Basil Academy, a parochial school, while on the northwest corner thereof is situated the St. Johns Parochial School, thus making the intersection a school zone. On the southwest corner is situated a filling station operated by Talbot and Robert Grant. By ordinance of the Town of Plaquemine Church Street has the right of way over Plaquemine Street and by another ordinance the speed limit for automobiles within the town is fixed at twenty miles per hour, save and except within school zones where the speed limit is fixed at ten miles per hour.
The plaintiffs are Mr. and Mrs. Maurice O'Conner, in their own right and for the use and benefit of their minor son, Robert. The defendants are the Iberville Motor Co., Inc., and its insurer, the Massachusetts Bonding and Insurance Company. Plaintiff Maurice O'Conner was the owner and driver of one of the automobiles, while the Iberville Motor Co., Inc., was the owner of the other automobile, which was being driven by an employee of the said company within the scope of his employment and in furtherance of his employer's interest at the time of the accident.
Plaintiff Maurice O'Conner, accompanied by his wife on the front seat, and his minor son, Robert, his baby daughter and her nurse on the back seat of his automobile, was driving east on Plaquemine Street. The employee of the defendant motor company, accompanied by a fellow employee within the scope and in furtherance of his employment, were driving north on Church Street.
Plaintiff alleges that plaintiff Maurice O'Conner, prior to the accident, was driving at a slow speed and upon reaching the intersection came to a virtual stop and looked both to the right and the left and not perceiving any traffic then proceeded to cross the intersection at a speed of not more than eight miles per hour; that, after having traversed the intersection and having his front wheels on a line with the east curb of Church Street, the driver of defendant's automobile struck his automobile near the middle with such force as to throw the said automobile against a telephone pole on the northeast corner of the said intersection, thereby demolishing his automobile and causing personal injuries to plaintiff Maurice O'Conner, his wife and his son, Robert. Plaintiffs further allege that the driver of their automobile was in no way guilty of contributory negligence in that he had exercised all proper precautions in the operation of his automobile, and that he had pre-empted the intersection. The plaintiffs charge the defendant's driver with negligence in the following particulars: In the violation of the ordinance of the Town of Plaquemine, by driving at a speed of fifty miles per hour; in failing to maintain an adequate lookout; in having mechanically imperfect and defective brakes; in failing to respect plaintiffs' pre-empted right of way; in failing to have his car under proper control; and in failing to stop after he had observed or should have observed plaintiff's car in the intersection.
Defendants in their answer deny any negligence on the part of the driver of the motor company's automobile, and, in the alternative, aver that in the event the driver of the motor company's automobile was negligent, then aver that plaintiff Maurice O'Conner was guilty of contributory negligence in driving at an excessive speed of thirty-five miles per hour; in failing to have his car under control; in failing to maintain a proper lookout; in failing to accord the driver of defendant's automobile the right of way; and in failing to stop or slow down after he saw or should have seen defendant's automobile. Mrs. *Page 236 
O'Conner is charged with contributory negligence in failing to protest against the excessive speed and other negligent acts of her husband. The defendant motor company also filed a reconventional demand against plaintiff Maurice O'Conner for damages to its car, which damages are alleged to have been caused by the negligence of O'Conner as set forth hereinabove.
Upon trial of the case, there was judgment in favor of the defendants rejecting the demands of the plaintiffs and also rejecting the reconventional demands of the defendant motor company. The plaintiffs have appealed.
Mr. and Mrs. Maurice O'Conner testified that they were residents of the City of Marshall, Texas, and were on their way to spend a vacation of two weeks at Waveland, Mississippi; that they were to go through Plaquemine on their way to New Orleans; that upon reaching Plaquemine, they went in the direction of the depot to obtain milk for their baby, and on their way from the depot they proceeded on Plaquemine Street, travelling east towards the Mississippi River; that they crossed the paved highway leading out of Plaquemine, not knowing that such would lead them out of Plaquemine; that from a prior visit they were of the opinion that the road paralleled the west levee of the Mississippi River; that upon reaching the intersection of Church Street, Mr. O'Conner practically came to a stop and looked both north and south for oncoming traffic; that perceiving none, Mr. O'Conner put his automobile in second gear and then proceeded to intersect said intersection; that after having negotiated more than half of the intersection, his car being practically in the center of Plaquemine Street and fully east of the center line on Church Street, they were run into by an automobile driven by Mr. Babin, an employee of defendant motor company, accompanied by a Mr. Cafferal, also an employee of defendant company, with such force as to throw plaintiff's automobile against a telephone pole situated on the northwest corner of the intersection.
There are two photographs in the record showing the position of the automobiles immediately after the collision. These were identified by Mr. Talbot Grant, one of the operators of the service station situated on the southwest corner. The automobile of the plaintiff appears to rest against the telephone pole, almost beyond the east curb of Church Street, headed toward the Mississippi River. These photographs were taken immediately after the accident by Mr. Talbot Grant. Mr. Talbot Grant's testimony is to the effect that he perceived skid marks, which he identifies as those of the motor company's automobile, beginning some thirty feet south of the intersection on Church Street, and continuing for approximately fifty-five feet to the point of collision. His testimony in that respect is corroborated by Robert R. Grant.
The testimony of the occupants of defendant motor company's automobile is to the effect that they were driving north on Church Street having entered said street some few blocks away at a rate of speed of between twenty to twenty-five miles per hour. At about forty feet from the intersection, they noticed plaintiffs' automobile on Plaquemine Street at about forty feet from the intersection, driving east at about the same rate of speed as they were; that Babin applied his brakes some twenty-five feet from the intersection and blew his horn, not so much on account of the O'Conner automobile but on account of the intersection; that the front of the O'Conner automobile, at the time of the accident, had just about passed the center line of Church Street and that defendant's automobile hit the O'Conner automobile at about the front door, and defendant's car became hooked or engaged with the O'Conner automobile.
In rebuttal of the testimony of Cafferal, plaintiffs offered the testimony of Dr. Cointment, a dentist, and Mr. Becnel, an attorney, to the effect that Cafferal had stated immediately after the accident, at the Grants' Filling Station, that they, Babin and Cafferal, had been traveling at a rate of speed of fifty-five miles per hour and could not stop. Cafferal further stated that "he had almost gotten his just a minute ago", meaning that he had almost gotten killed.
From close examination of the record, we are convinced that the evidence shows that the sole cause of the accident was the negligence of Babin, the driver of defendant's automobile, in driving into the intersection at an excessive speed without keeping a proper lookout, and without having his car under proper control. We find no evidence whatsoever to support the *Page 237 
conclusion that O'Conner, the driver of plaintiffs' car, was guilty of any contributory negligence that caused the accident.
It is obvious that O'Conner can be said to have been lost in his direction. He was attempting to follow the river road leading out of Plaquemine, because he had just passed the concrete highway in the direction of Donaldsonville. We believe that he did exactly what he said he did; that is, to stop or virtually come to a stop at Church Street. It is obvious, therefore, that he entered the intersection first and was proceeding in a very slow and cautious manner. He had the right to proceed across the intersection, and the question of right of way that Babin, the driver of defendants' car, might have had has no bearing on the case. Our statement that O'Conner entered the intersection first is based on the fact that we cannot find any evidence to support any other conclusion. All of the evidence shows that the accident happened after O'Conner had traversed beyond the middle of the intersection and had almost completed it when his car was struck broad side, almost in the middle.
Our appreciation of the evidence is that Babin, the defendant's driver was traveling at a rate of speed far in excess of that stated by him and his companion. We are impressed by the testimony of the Grants to the effect that defendant's car skidded from 50 to 55 feet prior to striking the O'Conner automobile.
The physical facts further show that the O'Conner automobile was thrown against the telephone pole on the northeast corner with such force as to completely demolish it, even while the defendant's car had been properly braked.
The facts in this case are very similar to those in the cases of General Exchange Ins. Corporation v. Kean's, Inc., et al., La.App., 184 So. 410; Vassar v. Levy, La.App., 184 So. 255; and Sweeney et al. v. New Orleans Public Service, Inc., et al., La.App., 184 So. 740. The appellate court is always reluctant to reverse a judgment of the lower court on questions of fact; but after all, its very function is to review the case in its entirety and when it becomes convinced of error, the law points out its duty, which is to correct that error. Following these three cases supra, we are convinced that the trial judge did err on his application of the law as well as the finding of fact.
As to the amount of damages, we do not find that either of the plaintiffs have proven a large amount of damages. As to plaintiff Maurice O'Conner, the following items have been fully established: Loss of rent on camp at Waveland, Mississippi, $35; railroad fare for himself and family, $28.59; damage to automobile, $812.20, less salvage of $150 received, making a net of $662.20; X-ray pictures and doctors, $10; and we believe an award of $200 for personal injuries he has received to be adequate, in that he did not suffer any extensive personal injuries other than some bruises on his arm and forehead; making his total award $935.79, of which amount the sum of $612.20 is for the use and benefit of the Automobile Insurance Company, his collision insurance carrier.
Mrs. O'Conner received injuries to her right arm, right side and hip, together with a nervous shock. She was partly confined to her bed for a week or so, but had apparently completely recovered. We believe an award of $300 on the facts and circumstances of this case to be ample.
As to the minor son, Robert, he suffered very minor injuries with practically no after effects; an award of $100 for his injuries is sufficient.
All three plaintiffs claim damages for "disappointment, humiliation and mental anguish caused by being forced to forego pleasure of vacation." We do not believe that this is a basis for an award, being too conjectural and speculative.
For these reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be and it is hereby annulled, reversed and set aside; that there now be judgment in favor of the plaintiffs and against the defendants, Iberville Motor Co. Inc., and the Massachusetts Bonding Insurance Co., in solido, in the following amounts set forth after each plaintiff's name, to-wit: Maurice O'Conner, in his individual capacity, the amount of $935.79; Mrs. Maurice O'Conner, in her individual capacity, in the sum of $300; Maurice O'Conner for the use and benefit of his minor son, Robert O'Conner, in the sum of $100. All such sums to bear legal interest from judicial demand until paid. It is further ordered, adjudged and decreed that out of the award to Maurice O'Conner, the sum of $612.20 is hereby decreed *Page 238 
in favor of the Automobile Insurance Company as subrogee of the said Maurice O'Conner, and to be paid to the said Automobile Insurance Company; all at the costs of the defendants in both courts.