McINNIS, Judge.
As a result of an accident involving three automobiles three suits were filed, as follows: 109,616, Giska v. Yellow Cab Co. of Shreveport, Inc. 109,923, Yellow Cab Co. of Shreveport, Inc. v. Fryer et ux. 110,161, Giska v. J. E. Fryer et ux. 110,161, Giska v. J. E. Fryer et ux.
The cases were consolidated for trial, but the last-named case is not before this court. We are informed in brief that it is pending in district court on an application for rehearing. The cab company has appealed in the other two cases. We will consider first the case of Yellow Cab Co. of Shreveport, Inc., v. J. E. Fryer, our No. 7866.
On October 5, 1951, at about 8:00 o’clock A.M. there was a collision of a cab for transporting colored people, driven by a colored employee, named Willie Bonett,' with a Kaiser sedan owned by J. E. Fryer, and being driven at the time by his' wife, admittedly on a mission for the community, at the intersection of Louisiana and Travis Stréets in the city of Shreveport. The cab had a passenger picked up at 1011 Travis Street, and was being driven east toward the bus' station. Mrs. Fryer was driving south on Louisiana.
Plaintiff alleges that after the cab had entered the intersection’ of the two streets’ and was proceeding across the intersection it was suddenly and violently struck on or about the left rear fender by the Kaiser sedan, damaging the cab.
Charges of negligence against Mrs. Fryer are that she did not have her automobile under control, that she was not keeping a proper lookout for traffic on Travis Street, that she saw or should have seen the cab approaching and crossing Louisiana, that the cab entered the intersection first, and she should have yielded the right-of-way, and that she was driving at an excessive rate of speed, and that the collision and resulting damage to the cab was caused solely by her negligence, and damage in the sum of $214.91 for repairs to the cab is demanded of defendants.
The defendants answered denying any negligence on the part of Mrs. Fryer, and as plaintiff in reconvention, contend that the collision was caused solely by the neg *202 ligence of the cab driver, in the following particulars:
That the cab was being operated at an excessive rate of speed, carelessly and without proper attention, without keeping a proper lookout, and failing to have the cab under proper control, failing to yield the right-of-way .when Mrs. Fryer had already entered and pre-empted the intersection, operating the cab in reckless disregard of traffic and the safety of others. The defendant husband demands $177.36, the cost of repairs to the Kaiser sedan.
In the alternative defendants aver that the cab driver had the last clear chance to avoid the accident, in that he saw or should have seen, the impending collision, regardless of any neglect on the part of Mrs. Fryer.
In the further alternative, and only in the event Mrs. Fryer should be held guilty of any negligence, that the cab driver was guilty of gross contributory negligence in the particulars above set forth, which negligence is pleaded in bar of recovery.
Other allegations of the answer and alternative pleas refer to suit No. 110,161 Giska v. Fryer, not .necessary to set forth here. ■
After trial on, the merits the demand of plaintiff was rejected, and judgment was rendered and signed in favor of defendant J. E. Fryer on his reconventional demand, for $177.36, with interest and costs.
From this judgment the plaintiff prosecutes a suspensive appeal.
From all of the evidence in the record it appears that the collision occurred near the center of the intersection of the two streets, possibly a little south of the center. Louisiana is about 39^ feet wide and Travis about 35j4 feet wide. Both the cab and the Fryer automobile were apparently on their right side of the streets in the direction in which they were traveling. There is some testimony that the cab was more in the center of the street. The preponderance of the testimony is to the effect that Mrs. Fryer was not traveling at an excessive rate of speed, and that the cab was traveling at the rate of SO to 60 miles an hour, and that Mrs. Fryer entered the intersection first. Roberta Davis, the passenger in the cab, and who is not shown to have any interest in the outcome of the case, says she was in the back seat of the cab, holding onto the back of the front seat and looking at the speedometer and it registered 50 miles per hour just prior to the collision and that she asked the driver to slow down, and that he replied that 50 miles an hour was not fast. Other witnesses testifying to the excessive rate of speed of the cab were J. T. Mitchell and William T. Lee, who are not shown to have any interest in the outcome of the case.
When Mrs. Fryer saw the danger of a collision she applied her brakes and skidded her automobile some 15 feet, in an effort to' stop in time to avoid the accident. It is not shown that the cab driver tried to stop. In the block west of Louisiana a woman friend of the cab driver lived, and as he passed by he looked at her and waved to her. She says he was driving slow, but the physical facts contradict any conclusion to that effect.
The cab driver claims that the Fryer automobile struck the cab on the left rear fender, but the damage to the cab all along the left side leads to the conclusion that the cab swiped the front end of the Fryer automobile. Some of the witnesses say Mrs. Fryer had stopped her automobile before the cab struck it.
After the collision the cab was apparently completely out of control, and it continued on across the intersection and turned to its left and collided with the Chevrolet of Giska, parked parallel to Fannin Street on the north side, 72 feet from the first collision, with such force that the Chevrolet was pushed across the curb and against a tree, practically demolishing the Chevrolet.
 Industrious counsel have favored us with rather lengthy briefs, which have been read with interest. Without undertaking to discuss these lengthy briefs in detail, we believe it is sufficient to say that each accident such as this must be resolved on what we consider its facts, as disclosed by the. most reasonable testimony. Apply *203 ing this rule to the instant case, the conclusion is inescapable that the negligence of the cab driver in driving too fast, failing to keep a proper lookout, and failing to yield the right-of-way to the Fryer automobile, which we believe was already in the intersection when the cab entered, was the proximate cause of the collision and resulting damage.
The amount of the claim of damage to the Fryer automobile is supported by the evidence.
For these reasons the judgment appealed from is affirmed at the cost of plaintiff, appellant in both courts.