McINNIS, Judge.
The demand in this cg.se arose, as the result of the automobile collision described in Case No. 7866, Yellow Cab Company of Shreveport, Inc. v. Fryer, La.App., 61 So. 2d 201.
Plaintiff was the owner of a 1941 Chevrolet automobile which he alleges was worth $650 and which he alleges was so badly damaged it could not be economically repaired, and had a salvage value of $95. The cost of towing it away from the accident was $11.22. He was employed as a salesman and collector by Southern Life and Health Insurance Company to sell insurance and collect premiums throughout Caddo and Bossier Parishes and it was necessary that he have an automobile.
Alleging that his average income as such salesman and collector was $50 a week he demands this sum weekly while this case is pending; and in the alternative $40 a week for cost of renting an. automobile.
Defendant filed a plea of vagueness which was sustained in part, and plaintiff filed a supplemental and amended petition answering the plea of vagueness. Defendant then answered the original and supplemental petitions, denying generally the allegations, and claiming the cab driver was free from negligence, and that the collision was due solely to negligence of Mrs. Fryer, as set forth in its suit against the Fryers (our No. 7866).
After trial on the.merits in the district court there was judgment in favor of plaintiff for $655.92, and defendant prosecuted a suspensive appeal.
The district judge has not favored us with written reasons for his judgment, but we are informed in briefs that he fixed the value of plaintiff’s Chevrolet at $550, and deducted $95, the salvage value, and allowed the towing charge of $11.22, and $189.70 for loss of earnings for 17 weeks, which he found by allowing $16.10 per week and deducting $84 for operating costs.
Plaintiff went to work for another employer at the end of 17 weeks from the date of the accident. He says the insurance company had kept him with the hope that he would be able to secure another automo *204 bile, but he had been unable to find a suitable one in reach o-f his means, and that on January 28, 1952 he resigned. .
Defendant complains of the judgment holding its cab driver responsible for the collision. However we have already decided in Case No. 7866 that negligence of the cab driver caused the accident and damage.
It is also contended that in the event defendant is held liable, the award for loss of earnings should be reduced from $189.70 to $93.50. We have examined the record, on this item, and believe it sustains the award of the district court.
For the reasons assigned the judgment appealed from is affirmed at the cost of defendant, appellant in both courts.