Plaintiff brought this suit against the Louisiana, Arkansas and Texas Transportation *Page 133 
Company and its public liability carrier, Indemnity Insurance Company of America, to recover damages in the amount of $11,098.33 for personal injuries, loss of wages and medical expenses. These damages were incurred as a result of an automobile collision about noon on January 29, 1948, in one of the suburbs of the City of Baton Rouge, when the light panel truck which plaintiff was driving south on Pontiac Street collided with a heavier truck being driven by an employee of the transportation company west on Winnebago Street. The trial judge rejected the demands of plaintiff against both defendants. The plaintiff has appealed.
The streets intersecting at this point are black-topped and approximately eighteen feet wide on the paved portion. It is established that neither driver could see down the street from which the other approached until near the intersection because of a house facing Pontiac Street, with camphor trees in front of it, on the Northeast corner of this intersection. However, these trees were some few feet back from the ditch at the edge of the street, and the street itself was several feet wider than the paved portion thereof, so that this corner was not wholly a blind one.
The evidence reveals that the left front part of plaintiff's truck collided with the right front part of the transportation company's truck in the northwest quarter of this intersection. The force of the impact turned the transportation company's truck toward the southwest with the front end coming to rest approximately three-fourths across the intersection. The plaintiff's vehicle likewise was forced off of its course by the impact, but it continued forward and moved out of the intersection, coming to a standstill facing southwest partially across a ditch on the southerly side of Winnebago Street west of the intersection. The driver of the transportation company's truck testified that his speed was between fifteen and twenty miles per hour as he approached the intersection. The plaintiff said that, in approaching the intersection, she almost came to a stop and "had shifted into second." The movements of these two vehicles indicate that, at the moment of the collision, the speed of the transportation company's truck was slightly less than that of the truck being driven by plaintiff, due perhaps to the application of the brakes thereof after entering the intersection, as stated by its driver. The above indicates that the transportation company's truck was entering the second half of the intersection at the time that plaintiff's truck was entering the intersection, as plaintiff was on her right hand side of Pontiac Street as she entered the intersection. But for the application of the brakes by the driver of the transportation company's truck, its right side would have been struck by plaintiff's truck, as its front end would have almost exited the intersection at the moment of the impact. Plaintiff did not see the other truck until the moment of the collision, so she could not say which truck entered first. The driver of the transportation company's truck stated that he was about three feet in the intersection when he first observed the plaintiff, and that plaintiff was then "about the same distance". The fellow worker of this driver, who was riding in the front seat with him, testified that the truck that he was in entered the intersection first. This testimony of the driver of the transportation company's truck is not clear itself as to what is referred to as "about the same distance", moreover, if it meant that the plaintiff was about three feet in the intersection, why then it cannot be reconciled with the physical facts or the testimony of his fellow worker.
The plaintiff contends that, due to the absence of local regulation, and as she approached this intersection from the right, that, under Rule 11 of Section 3 of Act 286 of 1938, she has the right of way over the transportation company's truck. Such rule provides in part that "when two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way." The question then presented is what does "approximately the same time" mean. We quote from Vol. 6, Corpus Juris Secundum, page 132, viz: "Approximately. * * * is an elastic, indefinite, and relative word, *Page 134 
* * * is not indicative of certainty, and that, while it precludes the idea of exactness, it operates equally against the idea of a substantial variation * * *. It has been defined as * * * the opposite of precisely or exactly * * *."
We believe that, from the facts here found, under the statute, the parties approached this intersection at approximately the same time.
The plaintiff further urges that such Rule 11 requires the driver on the left, even though he may reach the intersection first, to yield the right of way to the driver on the right in a situation where the two vehicles would collide were each to continue its course and maintain its rate of speed. However, defendant says that plaintiff's contention, though adopted in many other jurisdictions, Moore v. Kujath, 225 Minn. 107,29 N.W.2d 883, 175 A.L.R. 1007, is not the accepted jurisprudence of this state, and that the rule in Louisiana is that when two vehicles approach an intersection at right angles, and one of them nearly completes the crossing before the other arrives at the intersection, the one which nearly traverses the intersecting street is entitled to proceed, notwithstanding the fact that the other vehicle has the right of way because it is approaching from the right. Pittman v. Hunter, La. App.,6 So.2d 786 and Id., La. App., 8 So.2d 554; General Exchange Ins. Corp. v. Kean's Inc., et al., La. App., 184 So. 410.
We agree with the defendants' contention, as far as it goes, but add thereto the condition that such a driver approaching from the left has an obligation to look to his right before entering the intersection, and should only enter the intersection if there is no traffic at such a distance from the intersection as would suggest to the mind of a reasonably prudent person that the crossing might be undertaken without danger of collision. This obligation was not performed by the transportation company's driver, for, if he had looked, he could have seen plaintiff's truck, and would have known that there was not a reasonably safe opportunity to proceed. The fact that the transportation company's truck would have almost crossed the intersection if the driver had not applied his brakes, therefore, does not give defendants the benefit of the jurisprudence relied on by them, as the driver's negligence, in entering without looking and without sufficient control of his truck to stop it after he entered the intersection and observed plaintiff, was a proximate cause of the collision.
The defendants' answer pleaded in the alternative the negligence of plaintiff in not keeping a proper lookout, in not honoring the transportation company's driver's preemption of the intersection, in driving at the excessive speed of approximately 35 miles per hour, and not taking avoiding action.
Inasmuch as we have found here that the two vehicles approached the intersection at approximately the same time, plaintiff had the right of way. This being so, and as she was traveling at a moderate rate of speed on her right side of the street, she had the right in law to assume that the truck approaching from the left would observe the law and let her pass. Meredith v. Arkansas Louisiana Gas Co., La. App., 185 So. 498. But this larger truck did not stop or slow up sufficiently to let plaintiff pass. Certainly plaintiff could have seen the actions of this truck approaching from her left if she had looked, and in law she is chargeable with having looked. It is also clear that plaintiff had ample time to observe such actions of this larger truck and to have taken proper avoiding action, for this was not a wholly blind corner. And though the transportation company's truck, travelling at approximately the same speed, entered the intersection at approximately the same time, under the statute, nevertheless it actually traversed half the distance of the street, and would have proceeded further but for the application of the brakes thereof, before plaintiff entered the intersection, and it and its movements were in plaintiff's view for a considerable time before it even entered the intersection. *Page 135 
It is evident that neither plaintiff nor the transportation company's driver saw what could and should have been seen. It is further evident that either driver could have avoided the collision by exercising even a normal and reasonable degree of care. We find that the concurring negligence of both drivers caused the collision.
Judgment affirmed.