KELLEHER, Judge ad hoc.
Defendant and appellant, Columbia Casualty Company, prosecutes this appeal from the judgment of the First City Court of the City of New Orleans in favor of plaintiff, Albert J. Booth, in the sum of $500 with interest and costs. The case arises out of an intersection collision which occurred in the city of New Orleans on April 7th, 1953, at about the hour of 8:45 a. m. Plaintiff was driving his 1948 Kaiser 4-door sedan on Dorgenois Street in the direction of Esplanade Avenue. There was a collision in the intersection of Dorgenois and St. Louis Streets between plaintiff’s Kaiser automobile and a garbage truck owned by the Sanitation Department of the City of New Orleans and operated by its employee, Frank Nunez; the defendant and appellant, Columbia Casualty Company, is the public liability insurer of the garbage truck owned by the City which was involved in the collision. The truck was travelling on St. Louis Street toward the lake.
The evidence shows that there is a building which is described by the witnesses as “a red tin building,” which is situated on the corner of North Dorgenois and St. Louis Streets on the uptown river corner of the intersection. It is clear that this building obstructed the view of the drivers of both vehicles as they approached the intersection of Dorgenois and St. Louis Streets. The “red tin building” is apparently built up to the property line on both Dorgenois and St. Louis Streets so that to all intents and purposes it is separated from the curb on each of the streets by a very narrow space interval.
The plaintiff, Albert J. Booth, contends that at the moment of collision he had traversed more than half of the width of St. Louis Street when his car was struck on its right side as it proceeded in low gear at a speed of about seven miles per hour. The plaintiff described the action immediately preceding the collision as follows:
j‘Q. ,When you say you approached the intersection of St. Louis, I believe you sáid you came to a dead stop ? A; That’s right. ,
“Q: 'At the'time'you "stopped, what' was your purpose in affecting a complete stop? A. For safety. On dead corners like that, blind corners, you can’t see if anything is coming or anything else. I put it in 1st and drug out into the street to see if anything was coming.
“Q. At approximately the point of your collision, your speed was what? A. About 7 miles an hour.
“Q. What gear? A. First.
“Q. Low gear? A. Yes.
“Q. At the time you had stopped your car, had you seen or heard anything? A. No, I didn’t hear anything one way or another.
“Q. At the time you first proceeded into the intersection of St. Louis, had you seen anything? A. Nothing until I looked both ways and that’s when I seen the truck coming.
“Q. At what point were you in the intersection before you were cognizant of any traffic? A. About 4 or 5 feet.
“Q. You will note on the plan, that St. Louis Street is a 18 foot street, therefore you had entered 4 or 5 feet into that street before you were cognizant of the garbage truck? A. Yes.”
As we appreciate the record in this case, the plaintiff’s own testimony convicts him of contributory negligence that was a decisive element of proximate cause in the occurrence of the collision. It is rudimentary that the plaintiff, as he approached the blind intersection, was charged with the responsibility of looking for *778 traffic approaching the intersection on St. Louis Street before he himself entered the intersection. Moreover, this obligation required plaintiff to maintain his car under such control as to enable him to stop his car on entering the intersection if he could not safely complete the crossing.
In view of our conclusion that the plaintiff’s recovery is barred by his contributory negligence, it is unnecessary for us to give any consideration to the negligence of Frank Nunez, the driver of the Department of Sanitation truck involved in the collision.
For the reasons assigned, the judgment appealed from is annulled, avoided and reversed and it is now ordered that plaintiff’s suit be dismissed at his cost.
Reversed.