## The EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Limited, Appellant,

v.

## Mrs. Lee MADDEN, Appellee.

### No. 15081.

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1955.

---

Gerald J. Gallinghouse, New Orleans, La., Deutsch, Kerrigan & Stiles, New Orleans, La., of counsel, for appellant.

Samuel C. Gainsburgh, and Raymond H. Kierr, New Orleans, La., Melvin W. Nelson, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal is from a judgment against defendant-appellant, the insurer of Gluck's, Inc., a New Orleans restaura-teur. Entered on a verdict finding its insured culpably negligent and awarding plaintiff $7500.00 as damages, for injuries received while returning from the rest room,[1] prepared for its patrons, to the restaurant, it presents a single question for review.

This question is whether, as claimed by appellant, the district judge erred in not directing a verdict for defendant for want of sufficient evidence to take the case to the jury.

■ In support of its contention, that the denial of its motion for a directed verdict was error, appellant does not approach and argue the insufficiency of the evidence by setting out the evidence on which plaintiff and the district judge relied as sufficient to take the case to the jury and then proceed to demonstrate that, viewed in the light most favorable to the plaintiff, the evidence is insufficient. Instead of doing this, it adopts an approach which puts forward as its major premise: "As this is a personal injury action with federal jurisdiction based solely on diversity of citizenship, the law of Louisiana, where the accident occurred, controls the decisions of the federal courts on the essential questions of negligence, contributory negligence, burden of proof and sufficiency of evidence"; as its minor premise: that, as matter of law, plaintiff could not have recovered, had she sued in a state court; and as its conclusion: that the federal court, therefore, was, under the Rules of Decision Act,[2] and Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, bound to deny recovery here.

---

1. While there were several witnesses and much testimony, as to the construction of the step down, and to the occurrence of the accident, the substance of the testimony may be thus briefly summarized:

   In going to the restroom there was a step up and in returning from it a step down of about six inches; the door by which entrance and exit were made swung into the restroom, and the only warning was on the inside of the door; at the time plaintiff fell, carnival was in progress and the restaurant and rest-room were both crowded. Plaintiff testified that she did not see the warning on the door as she stepped out and did not realize the danger attendant upon so doing. There was testimony pro and con as to the construction and arrangement of step and door, the position of the warning, and the condition of the lighting. While there was testimony that in the period of 15 or 20 years it had been there, only one serious injury had resulted, there was also testimony that, though they had saved themselves from serious falls, others had stumbled or encountered difficulty when using the step down.

2. 28 U.S.C.A. § 1652, "The laws of the several states, except where the Constitution or treaties of the United States

In support of its contention, appellant, setting out what it claims is the state of the evidence as to plaintiff's three charges of negligence, (1) the defective construction of the step down, (2) improper lighting, and (3) inadequate warning, and citing and quoting from many Louisiana cases in which, as appellant claims, the appellate courts of Louisiana have dealt with and denied recovery in suits for injuries, sustained by one on the premises of another, under circumstances in substance the same as those obtaining here, insists that, as matter of law, under the imperative teachings of these cases, Gluck's Inc. was not, plaintiff was, negligent.

With appellant's major premise, appellee wholeheartedly agrees, in deed she re-enforces that agreement by pointing out that in his instructions to the jury, the trial judge so stated the substantive law of Louisiana to the satisfaction of appellant that, agreeing that the instructions were eminently fair and correct, it took then, and takes now, no exception to them.

With the correctness of appellant's minor premise, however, appellee violently disagrees. Pointing out what she regards as departures from the record in appellant's statement of the evidence, she marshalls in support evidence which she insists correctly made out a case for a jury verdict. She cites cases [3] which have affirmed and reaffirmed the established doctrine in the federal courts, indeed in all jurisdictions where the common law prevails, that the juries are the judges of the credibility of the witnesses and the weight to be given their testimony, and have the right to draw all reasonable inferences therefrom. Pointing out that the Louisiana cases, on which appellant relies, decided as they were under the system prevailing in Louisiana in which appellate courts try negligence

cases on the facts, were disposed of as fact cases and the courts did not, indeed did not undertake to, decide them as matter of law, she insists, that appellant is merely seeking here to thresh again old straw already threshed out in the Gillen and Wright cases note 3, supra.

We agree with appellee that this is so, if not as to every case cited, at least as to most of them, and, agreeing, we reject the contention of appellant that from them, taken singly or together, this court can deduce a rule which, applied to the facts of this case, would, as matter of substantive law, determine for us that the evidence did not make out a case for the jury.

■ We are also of the equally clear opinion that, following the rule controlling in the determination of the question here presented, whether a case for a jury verdict was made out, we cannot say that, as matter of law, a verdict should, on defendant's motion, have been directed.

The judgment is, therefore, affirmed.

or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."

3. Lavender v. Kurn, 327 U.S. 645, 66 S. Ct. 740, 90 L.Ed. 916; Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497; and cases from this court, Martin v. Handy-Andy Community Stores, 5 Cir., 214 F.2d 10; Gillen v. Phoenix Indemnity Co., 5 Cir., 198 F.2d 147; Wright v. Paramount-Richards Theatres, 5 Cir., 198 F.2d 303.