80 So.2d 869

**Albert J. BOOTH**

v.

**COLUMBIA CASUALTY COMPANY.**

In re Albert J. Booth, Applying for Writs of Certiorari, and Review to the Court of Appeal for the Parish of Orleans.

No. 42135.

April 25, 1955.

Rehearing Denied May 23, 1955.

D. A. McGovern, III, New Orleans, for plaintiff-appellee-applicant.

Jones, Walker, Waechter, Dreux & Poitevent and Michael J. Molony, Jr., New Orleans, for defendant-respondent.

PONDER, Justice.

We granted a review in this case because we thought the Court of Appeal erred in holding the plaintiff guilty of contributory negligence.

In this suit the plaintiff seeks to recover from Columbia Casualty Company, the liability insurer of the City of New Orleans, the damages arising out of a collision between the plaintiff's automobile and a garbage truck, owned by the Sanitation Department of the City of New Orleans, which was operated by its employee Frank Nunez. The lower court gave judgment in favor of the plaintiff for $500 for the damages to his car occasioned by the collision. The defendant appealed to the court of appeal and the plaintiff answered the appeal asking that the award be increased to $800. The court of appeal reversed the judgment and dismissed the plaintiff's suit. See 74 So.2d 776. The plaintiff applied for a review and asked for judgment in the amount of $800. The review was granted and the

matter is now submitted for our determination.

■ It appears from the evidence in this case that the plaintiff first entered the intersection of the streets traveling at the rate of about seven miles an hour and was fully within the intersection when his car was struck by the garbage truck. The testimony of the defendant's driver and his companion in the truck discloses that the plaintiff's car was in the middle of the intersection when it was struck by the garbage truck and that the garbage truck was traveling at a rate of approximately twenty miles per hour. All of the parties to this suit concede that this is a blind intersection. The testimony shows that the plaintiff slowed down before entering the intersection and entered the street at a rate of speed of seven miles per hour. The plaintiff having pre-empted the intersection had the right to proceed and under the well-settled jurisprudence the automobile which first enters an intersection has the right of way over an approaching automobile and the driver who does not respect this legal right of the automobile which first entered the intersection to proceed through in safety, is negligent, even though the car thereafter entering the intersection is being driven on a right of way street. Gauthier v. Fogleman, La.App., 50 So.2d 321 and the

authorities cited therein. We do not find any evidence to show any contributory negligence on the part of the plaintiff.

■ It appears that the award of $500 is not sufficient under the evidence in this case to replace the value of a similar car. The plaintiff had recently had a new motor installed in his car. The car was a total loss and the replacement value of a similar make car with a new motor would cost, according to the evidence, $800. Such being the case, the plaintiff is entitled to recover the amount of damages he has sustained, viz.: $800.

For the reasons assigned, the judgment of the Court of Appeal for the Parish of Orleans is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Albert J. Booth, and against the defendant, Columbia Casualty Company, in the sum of $800 with legal interest from date of judicial demand until paid. All costs to be paid by the defendant, Columbia Casualty Company.

McCALEB, J., concurs in the decree.

On Motion for Rehearing.

Rehearing denied.

HAMITER, J., dissents.