JANVIER, Judge.
At about 10:30 o’clock in the morning on October 23, 1954, there was an intersec-tional collision at the corner of Tricou and Burgundy Streets, in New Orleans. One of the cars belonging to B. F. Toups, driven at the time by his wife on a family mission, was on Burgundy Street going in a down .river direction, and the other, car, owned by a Mr. Hanley and driven by Clarence Marion Trent, who apparently had borrowed it, was on Tricou Street going in the direction away from the river, so that as the cars approached the intersection the car driven by Trent was coming from the right side of the Toups car.
The cars met approximately in-the center of the intersection, Trent bringing his car to a stop almost at the point of impact and the Toups car proceeding after the impact across the remaining portion of the street and coming to rest on the sidewalk at the lower lefthand corner.
Trent was alone in the car driven by him and Mrs. Toups was accompanied by her three children, one of whom is seven, another is six and the third two years old.
Toups broughf this suit alleging that the accident had been caused by the negligence of Trent in failing to maintain a proper lookout and,failing to maintain control of his car, in operating it at an excessive rate of speed, and in failing to yield the right of way to Mrs. Toups. :
Both Trent and the Allstate Insurance Company were made defendants and judgment in the sum of $294.60 was prayed for against them solidarily.
It is conceded that the actual cost of repairing the plaintiff’s car was $259.78, and it was agreed that in the event that judgment should be rendered in favor of Toups, it would be for that amount. Apparently there were.no personal injuries.-.
Defendants admitted the occurrence of the accident but denied liability, averring that the collision had been caused by negligence of Mrs.- Toups and, in the alternative, pleaded contributory negligence in that Mrs. Toups had failed to maintain a proper lookout, had failed to maintain .control of her car, had driven it at an excessive rate of speed, and had failed to yield the right of way to the car driven by Trent, which was approaching from her right.
There was judgment in favor of plaintiff against defendants solidarily in the sum of. $259.78. ' Defendants appealed suspen-sively and plaintiff has answered the appeal praying that the judgment be affirmed.
There is no doubt that neither car entered the intersection at an excessive speed, but it is also clear that before entering the intersection neither driver looked, with any degree of care to see if. any other- car had entered or- was about to enter the intersection. Mrs, Toups herself says that although she looked into the .direction from which the Trent car was approaching and could see for-about a quarter of a block, she saw nothing and therefore proceeded to enter. One thing is certain, the Trent car was approaching, was only a short distance away, and could have been seen had Mrs. Toups actually looked.
It is contended that she had preempted the intersection and this contention is based on the fact that -the car driven by Trent struck the car driven by Mrs; Toups on the right side and a foot or two back from the front bumper. We cannot agree that preemption is' shown by this fact.
The two, cars .entered the intersection at about the same time, and, since neither street was accorded priority over the other, the car driven by Trent which was approaching from the right was accorded the right of way by LSA-R.S. 32:237, subd. A.
In contending that the car driven by Mrs. Toups had preempted the intersection, *98 counsel confidently rely upon the decision of the Supreme Court in Booth v. Columbia Casualty Company, 227 La. 932, 80 So.2d 869, 870, in which the Supreme Court used the following language:
“ * * * the automobile which first enters an intersection has the right of way over an approaching automobile * * *>>
We have complete confidence in our opinion that the Supreme Court did not intend to establish the principle that regardless of any other considerations the automobile which, by a split second, enters an intersection first, -obtains the right of way as a result of preemption. In discussing this same Booth case, we, in an opinion rendered this day, Ehtor v. Parish, La.App., 86 So.2d 543, said:
“Decisions of the Supreme Court are to be accorded only a reasonable construction, and with this in mind we feel sure that the Supreme Court never intended that its holding in Booth v. Columbia Casualty Co., supra, would be applicable in a case such as the one before us where the motorist claiming the pre-emptive rights entered a narrow' intersecting street without looking and fully cognizant of the fact that to ‘attempt a crossing would be equivalent to gambling with life and limb.”
We base our opinion as to the interpretation of the language of the Supreme Court in Booth case on the fact that .in earlier cases the Supreme Court has refused to grant writs of certiorari where we held that preemption does not result merely from the fact that, .one vehicle enters the intersection ahead of the other. As typical of those cases see Facio v. Bellone, La.App., 39 So.2d 448, 449, in which we said:
“It is .very, true that we have often said that in spite of the right of .way provisions of the traffic ordinance, if a vehicle without the right of way enters and preempts an intersection, its driver thus acquires the right to proceed. But in cases in which we ■ discussed the question of preemption we have also said, and other courts have said, that preemption does not result solely from arriving a split second ahead of another vehicle. The driver who claims preemption must show that he entered the intersection at reasonable speed so far in advance of the other vehicle that he would not be struck by the other vehicle also proceeding at proper speed. See Sheehan v. Hanson-Flotte Co., La.App., 34 So.2d 657; Pancoast v. Cooperage Cab Co., La.App., 37 So.2d 452.”
See, also, Mansfield (Johnson) v. Toye Bros. Yellow Cab Co., La.App., 78 So.2d 544, and Velasquez v. Murray-Brooks, Inc., La.App., 68 So.2d 681, 683, in which we said:
' “The mere fact that Velasquez was able to drive his car into the intersection ahead of the truck does not indicate that he had preempted the intersection and was entitled to the right-of-way * * *.” .
In Lafont v. Nola Cabs, Inc., La.App., 65 So.2d 918, 920, appears the following:
“We have often said that preemption does not result from merely entering an intersection first. In order to preempt an intersection the driver of the car who claims to have entered it must show that he entered it at a proper speed and sufficiently in advance of the car on the intersecting roadway to permit him to cross without requiring an emergency stop by the other vehicle.”
See, also, Dodd v. Bass, La.App., 76 So.2d 572, 574, in which appears an extensive and' excellent discussion of the principle which is involved:
“ .* * * While it is true it has been repeatedly held the automobile which first enters the intersection has the right to proceed, having the right of way over any automobile approaching at right angles, and that the driver who does not respect the legal right of the automobile which first entered the intersection to proceed through the intersection in safety, is negligent and that *99 this is so even though the car entering the intersection secondly in point of time is being driven on a right of way street, Gauthier v. Fogleman, La.App., 1951, 50 So.2d 321, and authorities cited therein, we are nonetheless of the opinion the rule so stated has no application in the instant case. We so resolve for the evidence conclusively shows the two automobiles here involved entered the intersection at approximately the same time. That the Dodd car may have proceeded a few feet beyond the center of Robert Street is not proof it preempted the intersection, but rather, we think, it shows the contrary. The rule, we think, with special application under the circumstances here presented, and enunciated on many occasions, is that preemption of an intersection under the provisions established by our jurisprudence, does not mean, the prior entry of the vehicle simply by a matter of a few feet, or in relation to the time element, by a fraction of a second ahead of another vehicle, but in order to support a charge of negligence such preemption must be construed to mean an entry into an intersection with the opportunity of clearing the same without obstruction of the path of another vehicle under reasonable and normal circumstances and conditions. Butler v. O’Neal, La.App., 1946, 26 So.2d 753; Aucoin v. Houston Fire & Casualty Co., La.App., 1950, 44 So.2d 127; Boudreaux v. Moreau, La.App., 1954, 73 So.2d 192. The responsibility thus imposed upon the vehicle which may perhaps reach the intersection by a very small margin in time or distance over a vehicle approaching at right angles, is that the driver and especially the driver on a non-right of way street, must be sure that he has a sufficient margin of both time and distance to clear the intersection without danger. Waller v. Rapides Grocery Co., La.App., 1945, 22 So.2d 407. The testimony of the parties who were the only eyewitnesses to the collision, coupled with the location of the point of impact between the twó vehicles, has convinced us that Mrs. Dodd did not have the right to proceed across the intersection because she could not do so without danger of a collision with,the.Bass car which was approaching the intersection at about.the same time on the intersecting street.”
Counsel for plaintiff points to the fact that Burgundy Street is paved, while Tricou Street is not, and he contends that, as a result of this, cars on Burgundy Street are accorded the right of way over those on Tricou Street. We found a similar situation in Mansfield v. Toye Bros. Yellow Cab Co., supra, and, finding that neither was “given a right-of-way status by local ordinance,” held that ■ the mere fact that one street is paved, does not of itself give to vehicles on that street priority over those on. intersecting unpaved streets.
Our conclusion is that this accident was caused, or at least was contributed to, by the negligence of Mrs. Toups in entering the intersection without looking.
Accordingly, the judgment of the lower court is annulled, avoided and reversed, and the suit of plaintiff is dismissed at his cost.
Reversed.
REGAN; J., absent, takes no part.