HARDY, Judge.
This is an action by plaintiffs,.the subro-gated automobile liability insurer and its insured, for property damage and other losses resulting from an automobile accident. The insurer, St. Paul Fire & Marine Insurance Company, Inc., claims the amount paid to its co7plaintiff and insured, Levee Street Foundry and Machine Works,. Inc., for collision damage sustained by a truck belonging to the latter named party. The owner seeks rcovery of damages for depreciation, loss of use of the truck and other incidental items of damage sustained as the result of the accident. After trial there was judgment in favor of defendant rejecting plaintiff’s demands, from which judgment they prosecute this appeal.
About the hour of 9:00 o’clock, A.M., on September 19, 19SS, a 1953 Dodge truck and a flat-bed trailer unit owned by Levee Street Foundry and Machine Works, Inc., *312 hereinafter referred to as Levee Street, driven by its employee, Columbus Royster, was proceeding south on a thoroughfare known as Shell Road near the City of Alexandria. The defendant, Samuel K. Mason, was driving east on Sugar House Road, an inferior road whose intersection with the Shell Road was marked with a “Stop” sign warning traffic on Sugar House Road approaching the said intersection. It is admitted that the Shell Road is a right-of-way thoroughfare and Sugar House Road is an inferior street at the point of intersection. Defendant, driving at a very slow rate of speed, entered the intersection, at which point a view along Shell Road to the north was partially obscured by high weeds and grass. Defendant had already perceived the approach of the Levee Street truck and upon entering the intersection he again made observation, at which time, according to his testimony, the truck was some 100 yards distant, more or less. Believing he had ample time to effect a left turn in safety, defendant admittedly did not bring his car to a stop, but proceeded across the intersection, bearing left of center of the projection of Sugar House Road, and completed his turn to the north in the right-hand or east lane of Shell Road. 'Meanwhile, the driver of the Levee Street truck, who had been moving at a speed of some 40 miles '.per hour, had seen the approach of the.Mason automobile toward the intersection. Observing that the Mason car was proceeding into the intersection without coming to a stop, the driver of the truck turned his vehicle first to the left, then back to the right, and then applied his brakes, which took effect at a point some ten feet north of th intersection with Sugar House Road. The truck skidded on some loose gravel, proceeded across the intersection, out of control, and crashed into a telephone pole to the west of the road, causing the damage for which recovery is'claimed. At the time'of the accident the trailer was loaded with heavy cast iron manhole covers and the estimated weight of the truck trailer unit-and its load was fixed in the neighborhood of 18,000 pounds.
There was no collision between the vehicles and the only question presented is whether Mason was guilty of negligence which was the proximate cause of the resulting damage to plaintiff’s truck.
Plaintiff charges negligence against Mason in failing to stop before entering the intersection; in undertaking to negotiate the left turn at a time when such action was clearly dangerous and unsafe, and with failing to keep a proper lookout and be governed by the result of careful observation.
On behalf of defendant it is urged that he preempted the intersection, and completed his left turn in safety without endangering approaching traffic, specifically the Levee Street truck.
Our learned brother of the district court, in a detailed and well-reasoned opinion, reached' certain factual conclusions with which we are in complete accord, and which we quote as follows:
“Reconstructing the occurrence, Mason drove up to the intersection at a slow speed, changed gears and drove onto the Shell Road without stopping. He saw the truck before reaching the intersection and again upon driving into it and determined that he had ample time to cross the highway and complete his turn. His determination being correct, Mason did complete his turning maneuver and proceeded in his proper lane of Shell Road without incident.
“Royster, approaching the intersection at a reasonable speed, saw the Mason car on the side road and thought that it would stop. When he saw that the automobile would not stop, Royster steered' to the left, then back to the right and finally applied his brakes when approximately ten feet from the 'apron at the intersection. .:
*313 “From these facts it must be concluded that Mason is entitled to the benefits of the right of pre-emption. Not only did he enter the intersection first but he cleared it in safety. The case is not one in which a motorist sought to beat an approaching vehicle across the intersection.
“Royster, on the other hand, saw that the Mason car would not stop, and, on making the observation he did not apply his brakes or slow his speed but drove first to the left and then to the right. Certainly, it must be concluded that when the truck’s brakes were first applied, at a point approximately ten feet from the apron of the intersection, the Mason car, moving at a very slow speed, had already cleared the intersection. Otherwise, the vehicles would likely have collided in view of the fact that the truck did not brake to a stop but slid across the pavement.
“Finally, it remains only to be said that the truck driver, on observing that the automobile would proceed into the intersection, was obligated to exercise vigilance. This he did not do by reducing his speed and bringing his vehicle under control. This failure on the part of Royster was the proximate and direct cause of the accident.”
A factual situation very similar to the one under consideration in the instant case was resolved by the Supreme Court in Booth v. Columbia Casualty Company, 227 La. 932, 80 So.2d 869, 870, as follows:
“The testimony shows that the plaintiff slowed down before entering the intersection and entered the street at a rate of speed of seven miles per hour. The plaintiff having pre-empted the intersection had the right to proceed and under the well-settled jurisprudence the automobile which first enters an intersection has the right of way over an approaching automobile and the driver who does not respect this legal right of the automobile which first entered the intersection to proceed through in safety, is negligent, even though the car thereafter entering the intersection is being driven on a right of way street. Gauthier v. Fogleman, La.App., 50 So.2d 321 and the authorities cited therein.”
We think the above pronouncement on questions of both fact and law is sufficient to determine the issue presented.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.