**Quinn K. SMITH, Appellant,**

v.

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellee.**

**No. 16612.**

United States Court of Appeals
Fifth Circuit.
June 21, 1957.

Rehearing Denied Aug. 3, 1957.

Frederick J. Stewart, Shreveport, La., for appellant.

Richard H. Switzer, Shreveport, La., Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, La., of Counsel, for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a judgment in a negligence suit tried to the court without a jury, in which the district judge found that defendant was guilty of no negligence and the plaintiff was guilty of negligence, which was the sole proximate cause of the accident.

Here, as he did below, plaintiff insists that under Booth v. Columbia Casualty Co., 227 La. 932, 80 So.2d 869, a judgment in his favor was demanded.

The district judge in an unreported opinion carefully discussing, evaluating and applying the relevant decisions to the evidence in the case, held that the plaintiff's contention was unsupported in law and in fact.

■ Impressed as we are with the sincerity and earnestness of appellant's insistence that the district judge has declined and refused to follow the law of Louisiana as declared by its courts, we are bound to say, after reading the Louisiana cases, that we cannot agree with him. Indeed, we think it plain that the Booth case cannot be read as deciding anything more than that, under the applicable law applied to its facts, plaintiff was not guilty of contributory negligence. To hold, as appellant thinks we should, that the decision precludes a trier of facts in the federal court from determining the existence vel non of negligence in similar intersection cases would, we think, run counter [1] to the governing law in the federal courts which makes the determination of fact questions the business not of appellate but of trial courts. Moreover, as is made plain in the Louisiana cases [2] relied on by the district judge and the appellee, it would also run counter to Louisiana law, which, though it accords to the appellate courts of the state the right to determine fact questions for themselves, does not, any more than federal law does, convert a fact determination in a particular case into a rule of decision binding the triers of facts in subsequent cases to decide them in the same way.

■ This being a fact case, and the findings and conclusions of the trial court not being clearly erroneous, the judgment is

Affirmed.

1. Employers Liability Assur. Corp. v. Madden, 219 F.2d 205; Wright v. Paramount-Richards, 5 Cir., 198 F.2d 303; Horton v. United Services, 5 Cir., 218 F.2d 453; Burcham v. J. P. Stevens & Co., 4 Cir., 209 F.2d 35.

2. Ehtor v. Parish, La.App., 86 So.2d 543; Toups v. Trent, La.App., 85 So.2d 96; Cf. Segreto v. American Automobile Ins. Co., D.C., 137 F.Supp. 194, affirmed 5 Cir., 239 F.2d 641.