Herman J. DAIGLE and Hazel M. Clement, his wife, Appellants,

v.

LOUISIANA POWER & LIGHT COMPANY, Appellee.

No. 16541.

United States Court of Appeals
Fifth Circuit.

July 19, 1957.

Rehearing Denied Sept. 3, 1957.

Frederick Gisevius, Jr., George M. Leppert, John G. Discon, Frank B. Fenerty, and Robert F. Shearman, New Orleans, La., for appellants.

Robert G. Hughes, Andrew P. Carter, and J. Raburn Monroe, New Orleans, La., Monroe & Lemann, New Orleans, La., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal by the parents of a five year old child from a judgment entered for the defendant on the verdict in its favor in a suit for the negligent death of the child. Atlantic Coast Line Railroad Co. v. Mims, 5 Cir., 199 F.2d 582.

The facts were not complicated and in general they presented a jury question whether the defendant's truck driver was negligent and whether such negligence was the proximate cause of the child's death. The following facts were not in dispute:

The child was standing either in the street or in close proximity to it on the sidewalk with her back to the street; she was one of a group of five or six children, some of whom were playing in the street at the intersection; the driver saw her from a distance of 100 feet or half a block from the intersection and noted that she had her back to the street; the truck was running at a speed of not less than twelve miles an hour at the time of the injury. The child's death resulted from a collision with the truck.

There was conflicting evidence as to whether the child ran in front of the truck just before being struck or, as the driver testified, turned just as he passed her and ran into the side of his truck. It was at this moment, according to his testimony, that he first applied the brakes and veered to the left. He stated that his speed had been lessening up to this point because he had merely let the truck coast without power. The driver did not claim that he had at any time blown his horn or in any other manner sought to attract the attention of the children.

We think it unnecessary to analyze the facts more precisely because as we view it there was ample evidence on which to go to the jury under a proper charge by the court. The only substantial specifications of error relate to whether the court correctly and adequately submitted the issues to the jury.

As the courts generally have done,[1] the Louisiana courts have made clear the duty that must apply to children playing in or in proximity to streets in situations such as without dispute existed at the time of this tragedy, and while a motorist is not an insurer of the safety of children,[2] they have established, as the trial court charged, a high duty of care. Thus in Guillory v. Horecky, 185 La. 21, 168 So. 481, 483, in which an eleven year old child ran into the side of a trailer

1. "Sec. 1492. Care Required in General

"A child in the public streets is not a trespasser. His right there is as sacred as his adult neighbor or the owner of the automobile. Motorists are bound to anticipate the presence of children upon the public highway and are under a duty to exercise reasonable diligence to avoid injuring them.

"In so doing, he is not justified in assuming that a young child will manifest the judgment and prudence of an experienced man, and must govern his own conduct with some reasonable degree of respect of that fact; the standard of care to be exercised by motorists being that of an ordinarily prudent man under the same circumstances. He must recognize the fact that children in, or about to cross, the street may be unmindful of danger.

"The vigilance and care required of the operator of an automobile vary in respect to persons of different ages and different physical conditions, and he must increase his exertions in order to avoid danger to children whom he may see, or by the exercise of ordinary care should see, on or near the highway, and, the younger the child and the less able he is to look out for himself, the greater the care which may reasonably be exacted of those operating dangerous agencies in the streets to avoid injuring or killing him. When the motorist approaches a place where there are children upon or near a highway he must keep a constant lookout.

"The fact that the driver of a motor vehicle prior to the collision did not see a child whom he strikes down does not relieve him of a charge of negligence, if in the exercise of due care he should have seen the child in time to have avoided the injury, particularly where the child is crossing between intersections where the view is unobstructed.

"A motorist cannot assume that a child in front of him, too young to understand his danger will get out of his way; and the mere fact that he sounds his horn when approaching a child of tender years, about to cross the street, cannot relieve him of responsibility for negligence in approaching such child, as it cannot appreciate or understand the object sought

by sounding the horn or the reasons given for such warning. A right of way rule in favor of the motorist does not relieve him of the duty of exercising due care and he must be especially thoughtful in such a case where a small child is involved.

"However, the mere occurrence of a collision between a motor vehicle and a minor on the street does not of itself establish the driver's negligence. In order to sustain a charge of negligence against such a driver, some evidence justifying men of ordinary reason and fairness in saying that the driver could have avoided the accident in the exercise of reasonable care must be shown.

"In the absence of such a situation, until an automobile driver has notice of presence or likelihood of children near line of travel, the rule as to the degree of care to be exercised as to children is the same as it is with respect to adults, and an automobilist, not seeing or put on notice of children on or near the roadway, is not negligent in failing to decrease speed, particularly where he could not have avoided the accident had he decreased his speed.

"The time of day may to some degree affect the duty to anticipate the presence of children in the street. For example, it has been held that a motorist was not bound to anticipate the presence of a 5 year old child in the street after dark, unaccompanied by any person of suitable age." Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 2A, Chapt. 38, Children—Negligence of Motorists.

2. In Rainwater v. Boatright, La.App., 61 So.2d 212, 213, the general rule is stated as follows:

"But the motorist is not the insurer of the safety of children playing or riding in the street. If the motorist has used all reasonable precautions to avoid an accident and the sudden act of the child creates an emergency rendering it impossible for the motorist to avoid hitting the child, the accident is said to be unavoidable, and there is no liability. 2 Blashfield's Cyclopedia of Automobile Law and Practice (Permanent Ed.) p. 532, § 1498. Rodriguez v. Abadie, La. App., 168 So. 515".

being towed by a truck, the Supreme Court, *passing on the facts found by the Court of Appeals,* said:

"However, in the instant case we do not think it was material as to what rate of speed the truck was moving. *Suffice it to say that the driver did not operate his vehicle, after having seen the children, with such prudence and care and under such control that he could have instantly stopped the truck and avoided the accident. However, the fact that the driver continued to operate the truck within five feet from the edge of the road after having seen the children on the same side of the road within two or three feet from the edge of the ditch, at the rate of twenty to twenty-five miles per hour, as the Court of Appeals found, was gross negligence and a wanton disregard for the safety of the children.*" (Emphasis supplied.)

In Doyle v. Nelson, 11 So.2d 645, 647, in which the driver of a car observed a child on the sidewalk holding the hand of her older brother who as the car approached jerked free and dashed into the center of the vehicle; the Court of Appeals of Louisiana, acting in its dual function as judge of both fact and law,[3] said:

"The existing circumstances required of defendant that he exercise *the maximum of care and caution while driving through the locus;* that he reduce the speed of his car and *maintain such efficient control of it as to make impossible* an accident from the heedlessness of any of the children. \* \* \*

"*The degree of care* exacted of a motorist who observes children, especially those of tender age, *upon or beside* a street or highway upon which he is traveling, *to the end that, regardless of childish imprudence and propensities no harm will befall them because of the car's op-*

*eration, is of the highest.* He, in such circumstances, has not the right to assume that such children will act prudently and govern their movements by the same or near the same caution, as an adult would do. Rather, *he should assume,* out of an abundance of caution, *that they will not act prudently.*"

■ We think that under these authorities, it must be declared that, where a motorist sees a child of tender years, that is one who cannot be responsible for contributory negligence, in a street or in such close proximity thereto that a sudden and unanticipated and unexpected movement might endanger it, while he is of course not an insurer of the child's safety, the child, by reason of its tender age, is in a privileged position, and the motorist is under a high duty of care in the operation of his vehicle to take fully into account the probability of an accident resulting from the heedlessness of the child, and must take all such reasonable precaution to prevent injury as a reasonably prudent person would take in the same or similar circumstances.

There could be no doubt that appellant's counsel sought diligently to obtain a charge from the court applying this principle to the facts of this case, and while there is no requirement that the trial judge give specific requests to charge submitted by the parties in the exact form requested by them, especially if for any reason they are not precisely correct, there is an obligation upon him in respect of such an important issue as the duty of care required in the particular circumstances to submit in his own language a correct charge on the matters which plaintiffs' request suggests.

■ Upon careful reading and consideration of the charges given and refused in this case, we conclude that the charge as a whole failed adequately to present the applicable law with reference

---

**3.** Smith v. Indemnity Co. of N. A., 5 Cir., 245 F.2d 464, and cases cited in note 1 of that opinion. Cf. what is said in Nes-

bit v. Everette, 5 Cir., 227 F.2d 157, a Florida case dealing with a similar problem in a negligence case.

to the situation presented by the facts of this case. This is so for several reasons. Early in its charge, the court correctly said:

> "Now then, if he failed to give the warning; if he failed to see a child who was in danger, in other words, *if he had a reasonable opportunity to see that it was probable because of where the child was standing, or because of what she was doing with her back turned, or whatever else might have induced a reasonable man to believe that there was imminent danger of the child without knowing of the presence of the truck, turning around and running into the truck,* then he was bound, if necessary, to come to a stop. But he was not called on to exercise more than a reasonable degree of care."

but almost immediately he nullified the effect of the privileged position the law accords young children by going on to say:

> "If he was convinced from the situation, and a *reasonable man doing what he was doing was convinced that he had reached a point where there was no longer any danger, then he had the right to proceed, because he had the right to travel upon the street, just as a pedestrian has, and he might go ahead, and then if the child without any indication of purpose to do so had run into the back of the truck, then the fault would not lay with the driver of that truck. It would lay with the fact that these children were playing in the street like that, which you have the right to determine whether it should be done. Whatever you may think about it, it is done and parents are very careless to allow their children to play in the streets like that, and where the traffic is heavy it seems to me it is a very terrible carelessness to let children of tender age like that play in the streets in any such fashion, but it is done and the driver has to take notice of it, and he has got to get his car under control and attempt to pass those places in a manner that will not increase the danger of the child, and that he will have a reasonable opportunity for him to get by without causing injuries to any children that are allowed to play in the street."* (Emphasis supplied.)

■ Indeed, there are several statements in this quoted part of the charge, which must have prevented the jury from applying the correct standard to the facts before them. It being undisputed that the truck driver saw the child in or near the street with her back to the traffic, then it was improper not to charge the jury that he had a duty of care to avoid injury, requiring him to do whatever its exercise made necessary, even to the point of stopping. It was certainly not proper for the court to charge that "if he was convinced from the situation, and a reasonable man doing what he was doing was convinced that he had reached a point where there was no longer any danger, then he had the right to proceed, because he had the right to travel upon the street, just as a pedestrian has, and he might go ahead, and then if the child without any indication of purpose to do so had run into the back of the truck, then the fault would not lay with the driver of that truck." As we understand the law in Louisiana and generally elsewhere, if the driver is negligent, it is immaterial whether the child who is not made aware of the presence of the motor vehicle suddenly runs into its path or into its side. It is the very possibility that the child may impulsively or imprudently act "without any indication of purpose to do so" that justifies the requirement that the driver must not anticipate that he will act with care but rather that he will do the unexpected, and that accordingly he must proceed with the care which a reasonably prudent person would exercise under the same circumstances.

The same vice appears in the charge of the court to the effect that "the question of liability on the part of the defendant in this case is whether that

driver did what a reasonable man would have done, and in spite of doing that, the child ran into the rear of the truck and was injured", because the charge did not include the usual explanation that what was reasonable must be viewed in the light of the particular circumstances, and that the children were under the age of responsibility. Such an explanation was demanded because these circumstances were fraught with extreme potentiality of injury.

We think also that the language of the charge immediately following the portion just quoted presented an issue that was really not in the case. This language is:

"Upon that question of what actually happened you have the right to consider the physical circumstances that you think are reasonably established in this case, and that is whether the position of the child, after the accident happened, supports or disputes the proposition of the defendant in this case that it was struck by the rear of the car."

This charge clearly implied that there would be no liability if this proposition were established. Such implication was clearly erroneous. This implication was made even stronger by a subsequent sentence in the charge:

"The crucial questions in the case are what are the facts, what are the essential facts, and here those essential facts are *as to whether that child ran in front of his truck or whether the child ran into the rear of the truck and was injured as a consequence.*" (Emphasis supplied.)

As we have already said, this was not a crucial question in the case at all. In fact, taken in connection with the charge as a whole, it was an irrelevant and potentially pre-judicial point.

■ An additional complaint by appellant, which we think is well taken, is the reference of the trial court to the negligence of the parents of children in permitting them to play in the streets. The court properly charged the jury that this five year old child could not be guilty of contributory negligence but, as indicated in the part of the charge first quoted above, the court said that if the child without any indication of purpose to do so, had run into the back of the truck then the fault "would lay with the fact that these children were playing in the street like that, which you have the right to determine whether it should be done." And the court also said: "It is a very terrible carelessness to let people of tender age like that play in the streets in any such fashion." The language of this charge stating to the jury that they had the right to determine whether to allow such play was terrible carelessness was an unintended but clear invitation to the jury to find the parents' negligence instead of any negligence of the defendant to have been the real cause of the injury. Such a charge was particularly unfortunate in this case since there was no evidence to warrant a finding that these particular parents had violated common sense rules of safety or behavior for the injured child and the older sister.

We think that, under the applicable law, it was incumbent on the trial court clearly and plainly to instruct the jury as to the care that is required of a motorist who sees children of such tender age that they may do the unexpected to control his vehicle to prevent injury to such children as he passes them. We think this concept of the law was not adequately presented to the jury and that, because it was not, appellants are entitled to a new trial.

The judgment is Reversed and the case Remanded for a new trial not inconsistent herewith.

TUTTLE, Circuit Judge.
I concur in the result.