FRUGÉ, Judge ad hoc.
Defendant appeals from a judgment against him in the main demand and in *865 rejection of defendant’s reconventional demand. Plaintiff answered the appeal, praying that the judgment of the District Court be affirmed.
On April IS, 1957, at about a quarter of five in the afternoon, Miss Lydia Vigneaux, a children’s case worker in the Welfare Department, plaintiff herein, was driving four children west on Sixth Street in Lafayette, Louisiana. At the same time, the defendant, who is about 23 years of age, was driving south on Walnut Street in the same city. In the intersection of the two streets the defendant ran into the right rear fender of plaintiff’s car.
Plaintiff contends that she entered the intersection with plenty of time to get across had the defendant been travelling at the legal speed limit, and that therefore she had pre-empted the intersection. The defendant claims that plaintiff did not enter the intersection in time to pre-empt it, and that therefore he had the right of way, and that she is at fault.
Plaintiff, Lydia Vigneaux, alleges and prays for the sum of $50 and plaintiff, State Farm Automobile Insurance Company, alleges and prays for $181.32, against the defendant. Defendant filed an answer, denying substantially the allegations of plaintiffs’ petition and reconvened in the sum of $229.80.
By stipulation the above amounts of the main and reconventional demands were stated to be the correct amounts, and in addition to that, that the speed limit for automobiles operated within the city limits of the City of Lafayette is 25 mph, and that at the intersection of Sixth and South Walnut Street, the scene of the collision, there is no Stop Sign governing traffic on either street.
On the trial of this suit on the merits, the district judge gave oral reasons for judgment to the effect that plaintiff in this case had pre-empted the intersection and held defendant responsible for the damages. In support of his decision, he quotes Gau-thier v. Fogleman, La.App., 50 So.2d 321; Booth v. Columbia Casualty Company, 227 La. 932, 80 So.2d 869; and Baranco v. Cotten, La.App., 98 So.2d 260. Defendant’s reconventional demand was rejected.
Plaintiff testified that she was coming from Clay Street; that she had turned onto Sixth Street and that she had reached the intersection of Walnut Street; that she slowed down at the intersection and was about to cross Walnut; that when she slowed down, she looked first to the right and saw Mr. Segura’s car, then looked to the left. When she looked back to the right Mr. Segura was about midway down the block; that she had slowed down to about ten miles per hour, then she went across the street; that she crossed the center line of the intersection and the front end of her car was up to the sidewalk; that at this point, she was hit by defendant’s car and her car was spun completely around and hit a tree. She thought defendant was driving between 20 and 25 miles per hour or otherwise she would not have got into the intersection.
Defendant stated that he had turned into Walnut from Jefferson and had put his car into second for the turn and that at this point he was going 22-23 miles per hour; that he was 35 or 40 feet from the intersection when he first saw the plaintiff’s car; that he started putting on his brakes and turn to his left, but hit the plaintiff’s car in the right rear.
The officers who investigated the accident testified that there were no skid marks and that the defendant stated to them that he had been going 30 miles an hour at the time of the collision. Officer Mouton further testified that there was no debris on the street, but that all of the dirt which had been shaken from the car by the impact was on the west side of Walnut Street.
It is evident that the district judge believed the testimony of the plaintiff over that of the defendant and that he placed some reliance on the testimony of the offi *866 cers who corroborated plaintiff’s version of the accident.
In the case of Jones v. Jones, 232 La. 102, 93 So.2d 917, 918, the court said:
“ * * * The conclusion of fact reached by the trial court and its judgment thereon will not be disturbed unless manifestly erroneous. This rule has been too well established in our jurisprudence to warrant citation.”
The Supreme Court case of Booth v. Columbia Casualty Company, 227 La. 932, 80 So.2d 869, cited by the trial court in his reasons for judgment, stated its finding of fact and its conclusion therefrom, as follows:
“It appears from the evidence in this case that the plaintiff first entered the intersection of the streets traveling at the rate of about seven miles an hour and was fully within the intersection when his car was struck by the garbage truck. The testimony of the defendant’s driver and his companion in the truck discloses that the plaintiff’s car was in the middle of the intersection when it was struck by the garbage truck and that the garbage truck was traveling at a rate of approximately twenty miles per hour. All of the parties to this suit concede that this is a blind intersection. The testimony shows that the plaintiff slowed down before entering the intersection and entered the street at a rate of speed of seven miles per hour. The plaintiff having pre-empted the intersection had the right to proceed and under the well-settled jurisprudence the automobile which first enters an intersection has the right of way over an approaching automobile and the driver who does not respect this legal right of the automobile which first entered the intersection to proceed through in safety, is negligent, even though the car thereafter entering the intersection is being driven on a right of way street. Gauthier v. Fogleman, La.App., 50 So. 2d 321 and the authorities cited therein. We do not find any evidence to show any contributory negligence on the part of the plaintiff.”
In the case of Baranco v. Cotten, La. App., 98 So.2d 260, the court found that the plaintiff was only midway across the intersection at the moment of impact. The defendant., approaching on a superior street, admitted that he was going 30 miles per hour, which was over the city and state limits. The defendant in that case also testified that he was 60 feet from the intersection when he saw the plaintiff’s car entering it at a slow speed. The left front of the defendant’s car struck the right front door of plaintiff’s car. The court held, at page 262:
“As it is sometimes stated, the driver with the subordinate right of way may nevertheless ‘pre-empt’ an intersection — that is, have the superior legal right to be in it — by an entry therein with the reasonable opportunity to clear same without obstructing the passage of traffic with a priority right of way approaching at reasonably to be anticipated speeds. * * * ”
The court in the Baranco case, supra, reaffirmed the holding of Gauthier v. Fogle-man, supra, when it stated that the driver from the inferior street is entitled to assume that the preferred driver is not maintaining excessive speed which will prevent him from completing his entrance on the highway.
The facts in the instant case are substantially similar to those in the above cases. The only real issue here is whether the plaintiff had pre-empted the intersection. In the Booth and Baranco cases, the court found pre-emption where the plaintiff’s vehicle was only at the middle of the intersection when struck. In the instant case, the plaintiff’s car was not just at the middle of the intersection, but was fully past it at the moment of impact. We observe from the evidence the fact that plaintiff’s car was struck on the right rear *867 fender by the right front of defendant’s car and spun completely around which indicates the excessive speed of defendant’s vehicle.
A careful review of the facts in this case as applied by the cited cases by the trial court leads us to the conclusion that the trial court was correct in its ruling and that it is manifestly not erroneous and for that reason we will not disturb the judgment of the trial court. Defendant cites the case of Nix v. State Farm Mutual Insurance Company, La.App., 94 So.2d 457, as well as the City Ordinance of the City of Lafayette, LSAr-R.S. 32:237 and other cited cases in support of his contention. These authorities are inapposite here for factual reasons.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.