134 So.2d 128 (1961)
Virgil C. BRISCOE et al., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants-Appellees.
No. 9555.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1961.
Barton & Ross, Hal V. Lyons, Shreveport, for appellants.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellees.
Before GLADNEY, AYRES, and BOLIN, JJ.
GLADNEY, Judge.
This action is for personal injuries and property damages arising from an automobile intersectional collision on January 5, 1960, at DeSoto and Hudson Streets, in Shreveport, Louisiana. Suit was brought by Virgil C. Briscoe and his liability insurer, Employers Mutual Fire Insurance Company, (subrogated to the amount paid for property damages) and names as defendants, State Farm Mutual Automobile Insurance *129 Company, and its assured, O. R. Pitts. Trial was had on the issues relating to negligence and damages, and judgment rendered rejecting the demands of plaintiffs, who have appealed.
At the scene of the accident, DeSoto Street, which runs in an east and west direction, is surfaced with concrete, and Hudson Street, which runs north and south, is an unpaved, oiled street. Hudson Street is somewhat narrower than DeSoto and has an estimated width of twenty feet. There are neither stop signs nor semaphore light signals at the intersection. The northwest corner of the intersection is terraced above the street and a fence and shrubbery line the sidewalks of this corner. As a consequence the vision of motorists as to other vehicles approaching the intersection on either side of the corner, is considerably obscured. The accident occurred about 4:30 P. M., at which time it was not raining, but the streets were wet.
Appellants aver that the sole and proximate cause of the accident was the negligence of William Pitts, the fifteen year old son of O. R. Pitts, who was driving his father's car south on Hudson Street at the time of the accident, which negligence, they charge, consists of failing to yield to Briscoe's automobile which had preempted the intersection, failure to maintain proper observation and control over his vehicle, and excessive speed under the circumstances. In brief before this court, appellants assert that the judge a quo erred in his conclusions as to certain factual questions. In resisting the demands of plaintiffs, the appellees deny any negligence on the part of William Pitts, and charge that the collision was due to the fault of Virgil C. Briscoe in several particulars with reference to his entry into the intersection; his speed, and failure to maintain a proper lookout and proper control over his vehicle. Contributory negligence is specially pleaded.
The only eye witnesses to the mishap were the drivers of the respective vehicles and there is little dispute in the testimony of the two witnesses as to the manner in which the accident occurred.
Briscoe testified he was driving west on DeSoto Street at a speed of about twenty miles per hour; that shortly before entering the intersection he looked for traffic approaching on Hudson Street, but saw nothing and continued without slackening his speed, and that he did not see defendant's automobile until he was entering the intersection, at which time it was too late for him to stop. His automobile was struck on its right side by the left front portion of the vehicle being driven by Pitts. Pitts testified he was driving about twenty-five miles per hour, and he likewise entered the blind intersection without slackening his speed and did not observe the Briscoe automobile until it was too late to avoid a collision. The evidence indicates that Briscoe's automobile had proceeded about twelve feet into the intersection and the other vehicle about four feet, when the impact occurred. This information was elicited by the judge a quo in questions addressed to Briscoe. The record fails to indicate the exact point of impact of the two cars, but we infer that the collision occurred within the northwest quadrant of the intersection.
In argument before this court, the basis of plaintiffs' entire position is preemption of the intersection in question. Other charges of negligence have not been asserted. In considering the question it is conceded that William Pitts enjoyed the right-of-way since he was approaching the intersection from the right. LSA-R.S. 32:237, subd. A; Brazzel v. Farrar, La.App., 61 So.2d 517 (2d Cir. 1952); Weidner v. Globe Indemnity Company, La.App., 98 So.2d 566 (2d Cir., 1957); Rhodes v. Rowell et al., La.App., 106 So.2d 820 (2d Cir. 1958); Travelers Insurance Company v. Great American Indemnity Company, La.App., 113 So.2d 815 (1st Cir. 1959); Bickham v. Audubon Insurance Company, La.App., 130 So.2d 60 (1st Cir. 1961). Appellants, therefore, rely on the settled jurisprudence of this state to the effect that a motorist who preempts an intersection thereby gains the *130 right-of-way, and under such circumstances a motorist on a favored street is required to yield the superior right of passage he may have otherwise enjoyed. Gauthier, et al. v. Fogleman, La.App., 50 So.2d 321 (1st Cir. 1951); Booth v. Columbia Casualty Company, 227 La. 932, 80 So.2d 869 (1955); Enga v. Southern Bell Telephone & Telegraph Company, et al., La.App., 104 So.2d 275, (1st Cir. 1958); Bickham v. Audubon Insurance Company, La.App., 130 So.2d 60 (1st Cir. 1961).
In application of the rule of preemption, our courts have been careful to state that in order to legally preempt an intersection the motorist on the inferior street must enter it at a time that he may reasonably expect to clear the intersection without interfering with oncoming traffic; and that a driver does not acquire legal preemption by dashing into an intersection ahead of a motorist on the favored thoroughfare when such other motorist is so near the intersection as to make entry dangerous. Flowers v. Indemnity Insurance Company of North America, La.App., 42 So.2d 132 (1st Cir. 1949); Aucoin v. Houston Fire & Casualty Company, La.App., 44 So.2d 127 (1st Cir. 1950); Hooper v. Toye Bros. Yellow Cab Company, La.App., 50 So.2d 829 (Orl.App. 1951); Oswalt v. Transcontinental Insurance Company of New York, La.App., 96 So.2d 233 (1st Cir. 1957); Bickham v. Audubon Insurance Company, La.App., 130 So.2d 60 (1st Cir. 1961).
Appellants rely especially upon Yellow Cab Company of Shreveport, Inc. v. Fryer, et ux., La.App., 61 So.2d 201 (2nd Cir. 1952); Broughton et al. v. Touchstone, et al., La.App., 72 So.2d 552, 553 (2d Cir. 1953-1954); and Booth v. Columbia Casualty Company, 227 La. 932, 80 So.2d 869 (1955) as supporting their contentions. All of the cited cases involve automobile intersectional collisions. Yellow Cab Company of Shreveport, Inc., v. Fryer et ux., was not decided on the doctrine of preemption, but plaintiff was denied recovery forasmuch as its driver was negligent by reason of excessive speed of from fifty to sixty miles per hour inside the City of Shreveport, and also because of the driver's failure to maintain proper observation. In Broughton v. Touchstone et al., it was held that plaintiff had not established preemption where the collision occurred in the middle of an intersection, the defendant motorist having the right-of-way. The plaintiff was held to have preempted the intersection in Booth v. Columbia Casualty Company and defendant was cast in damages although the latter was driving on the right-of-way street. Booth was driving his automobile into a blind intersection at a speed of about seven miles per hour, and his car was fully within the intersection when struck by a truck traveling about twenty miles per hour. The difference in the speeds of the two vehicles indicates clearly that Booth preempted the intersection. This fact formed the basis of the judgment in his favor.
In the instant case the testimony of Briscoe is that he entered the intersection at a speed of twenty miles per hour and William Pitts entered the intersection at the speed of twenty-five miles per hour. Briscoe, therefore, could not have entered the intersection more than a few feet ahead of young Pitts and accordingly, the rule of preemption cannot be invoked in appellant's favor. Under the circumstances, Briscoe should have yielded the right-of-way to the vehicle approaching from the right. As pointed out above, in order to legally preempt an intersection, the motorist on the inferior street must enter at a time when he may reasonably expect to clear same without interfering with oncoming traffic. It is a fundamental principle of law that each case must be decided in view of its own peculiar facts and circumstances.
Briscoe was guilty of negligence which was a proximate cause of the accident, in that he approached the blind intersection without slackening his speed. He was charged with legal notice that any vehicle approaching the intersection from his right was accorded the right-of-way through the *131 intersection and, as he was traveling on the inferior street, it was his duty to yield to the approaching traffic unless he could be certain of a safe passage way through the intersection.
Our views are fortified by the conclusion of the trial judge. This appeal is one in which we should not disturb the findings of the trial judge on questions which are exclusively factual, except where there exists manifest error. We agree with the judge a quo that Briscoe was guilty of negligence which, if not the sole, was a proximate cause of the accident.
Accordingly, the judgment from which appealed is affirmed at appellants' cost.