AYRES, Judge.
This is an action in tort. Concerned is a motor vehicle collision occurring July 2, 1958, at the intersection of Egan and Alexander Streets in the City of Shreveport. The vehicles involved were a 1954 model Ford automobile owned by one Betty Sue Roach, driven and operated at the time by Charles Kenneth Lowther, and a 1958 model Ford truck owned by The Anti-Pest Company and operated by its employee, Barney Zack Gardner. Plaintiff, as the collision insurer of the Roach automobile, seeks to recover of the defendant, United States Fidelity & Guaranty Company, the public liability and property damage insurer of the truck, the sum of $547.94 for itself and $50 for its assured as the result of the damages sustained by the Roach automobile in said collision, which it had paid and to which claim it had become subrogated.
Negligence charged to Gardner consisted of excessive speed, failure to keep a proper lookout, or to have his vehicle under control or to accord to the Roach automobile the right of way at the intersection, which it had already pre-empted prior to the approach of the truck. Counter charges of negligence, allegedly constituting the sole cause of the accident, or, in the alternative, a contributing cause thereof, against Lowther as the driver of plaintiff’s automobile consisted likewise of excessive speed, failure to keep a proper lookout, or to have proper control of the automobile and to accord Gardner the right of way at the intersection, as well as his failure to apply his brakes.
On trial, Lowther was found to have pre-empted the intersection and that the-accident was caused solely by Gardner’s-negligence in driving at an excessive speed and in failing to accord plaintiff’s driver a right of way at the intersection. Judgment was, accordingly, rendered in plaintiff’s favor for the principal sum of $547.94. From the judgment thus rendered and signed, defendant appealed. Plaintiff has answered the appeal, praying that the award be increased by the allowance of the $50' allegedly due plaintiff’s assured.
Primarily for consideration are only-questions of fact. Alexander Street runs-in a general north and south course, crossed at right angles by Egan Street, which runs generally east and west. Both streets, are hard surfaced and have a width of approximately 30 feet from curb to curb. Traffic on neither street has been assigned! a superior right of way by ordinance.
The material facts as to the occurrence-of the accident, as established by the record, may be briefly stated. Lowther, a. brother-in-law of Miss Roach, was driving her home in her automobile. They entered Egan Street at Centenary Boulevard' and proceeded a block in an easterly direction to its intersection with Alexander,, with the intention of turning left and! proceeding on that street in a northerly-direction toward Miss Roach’s residence.. The truck was proceeding north on Alex *177 ander Street. Lowther testified he was proceeding very slowly as he approached the intersection; that he looked for approaching traffic on Alexander Street prior to entering the intersection and, seeing none, he continued into the intersection, and when about midway thereof his attention was attracted to his right, whereupon he saw the truck a short distance away and only momentarily prior to the impact. The front of the truck struck the right side of the automobile. Miss Roach testified that, although she was paying no particular attention to the driving of the car or the traffic situation at the time they entered the intersection, she likewise saw the approaching truck only momentarily before the collision. Gardner testified he saw the automobile entering or about to enter the intersection when his truck was about 50 feet away; that had he been looking he could have probably seen the car sooner. On seeing the automobile entering the intersection, Gardner applied his brakes and skidded the truck 33 feet and 6 inches to the impact and 5 feet 8 inches thereafter. The car was overturned and came to rest upside down near the northeast corner of the intersection. The truck came to rest near the center of the intersection.
We find no manifest error in the conclusions reached by the trial court. Although the testimony was to the effect there was little difference, if any, in the speed of the two vehicles, estimated at from 25 to 30 miles per hour, the trial court concluded from the evidence as a whole that Lowther pre-empted the intersection and that Gardner was traveling at an excessive rate of speed under the circumstances, particularly in view of the force of the impact and that the Ford automobile by reason thereof was turned upside down. According to the testimony, Low-ther, on approaching within 5 or 6 feet of the intersection, looked in both directions and saw no approaching traffic. It was reasonable for him to conclude he had both time and opportunity to successfully negotiate the intersection in safety, without unduly obstructing or impeding the normal flow of traffic on the intersecting street. Except for the speed of the truck, it could only be reasonably concluded that Low-ther’s negotation of the intersection would have been completed without incident. By his entrance into the intersection under the aforesaid conditions and with a reasonable expectation of completing the negotiation in safety and without obstructing or impeding the normal movement of traffic on the intersecting street, Lowther pre-empted the intersection and his superior right of way therein should have been recognized and accorded him by Gardner. Thomas v. Checker Cab Co. of New Orleans, Inc., 229 La. 1079, 87 So.2d 605; Keith v. Royal Indemnity Co., La.App., 90 So.2d 534, 537; St. Paul Fire & Marine Insurance Co., Inc., La.App., 92 So.2d 311, 313.
We, therefore, find inapplicable the rule relied upon by the defendant prescribed by Highway Regulatory Act, LSA-R.S. 32:237, subd. A, that where two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right has the right of way. This principle we find inapplicable for two reasons, (1) that, as aforesaid, Lowther had pre-empted the intersection, and (2) had Gardner otherwise had such superior right, such was forfeited by his excessive speed under the very terms of the statute.
We find no basis for the amendment of the judgment so as to increase the award. The damage to the automobile was stipulated by counsel to be $547.94 as the correct amount. That was the award. There is no proof in the record of any further damage.
Accordingly, the judgment appealed is affirmed at appellant’s cost.
Affirmed.
HARDY, J., absent.