HARDY, Judge.
This is an action by plaintiff as subrogee of its insured for the recovery of the amount paid for property damage resulting from a motor vehicle collision. Plaintiff appeals from judgment rejecting its demands.
The accident occurred at the intersection of Poleman Road and Eddy Place in the North Highlands suburban residential section just outside the limits of the City of Shreveport. A 1960 Corvair owned by plaintiff’s assured, William J. Draper, and driven by his minor son, collided with a Chevrolet panel truck owned by Midwest Dairies and operated by its employee, Richard Lewis. Lewis was driving south on Eddy Place and Draper was moving east on Poleman Road. Neither of the streets named is designated as a right-of-way thoroughfare. It is urged on behalf of plaintiff that Poleman Road, by reason of its normally greater burden of traffic, should be regarded as the superior street, but, under the facts involved, we find this point to be immaterial. According to Lewis’ testimony, after slowing for a dip in the street prior to reaching the intersection, he made observation to the west where traffic could be clearly noted for a distance of approximately 375 feet; observing no approaching vehicles, Lewis then proceeded into the intersection and the right side of his truck was struck by the Draper Corvair; the measurements of the investigating officer disclosed skidmarks fifty-four feet in length in addition to eight or ten feet of scrub marks made by the Corvair up to the point of impact; following the collision, which, as was demonstrated by the physical facts, caused serious damage to both vehicles, the truck was knocked in a southeasterly direction some thirty-nine feet, the driver, Lewis, was thrown out of the vehicle and the Corvair, with a front wheel bent and bound as the result of the impact, skidded an additional distance of approximately sixty feet.
According to the testimony of young Draper, he first observed the milk truck as he pulled around an automobile parked on the east side of Poleman Road some fifteen to twenty yards from the intersection with Eddy Place and thought the truck was going to stop at the intersection. This testimony is almost incredible in view of the fact that if Draper observed the milk truck when he was at a maximum distance of sixty feet from the intersection, and the skidmarks of his car measured fifty-four feet, making only a minimal allowance for reaction time, it is obvious that the truck must already have entered the intersection.
In any event, it is abundantly clear that the dangerously excessive rate of speed of the Draper car constituted the proximate cause of the accident, and it follows that the plaintiff’s demands were properly re-j ected.
The authorities relied upon by counsel for plaintiff, including, inter alia, Smith v. *448 Aetna Casualty & Surety Company (La. App., 2d Cir., 1961), 128 So.2d 235, and Boyd v. White (La.App. 2d Cir., 1960, writs denied), 123 So.2d 835; are inap-posite by reason of the obvious distinctions in the factual circumstances.
The statutory right-of-way applicable to a vehicle approaching from the right, under LSA-R.S. 32:237, subd. A, is inapplicable because, under the specific provision of the same section of the statute, the driver of a vehicle traveling at an excessive rate of speed forfeits such right-of-way; State Farm Mutual Automobile Insurance Company v. United States Fidelity & Guaranty Company (2d Cir., 1959), La. App., 111 So.2d 175.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.