McBRIDE, Judge.
This is the suit of Mrs. Alma G. Manning for damages for personal injuries and of her husband, Wilbur Manning, for medical expenses incurred as a result of his wife’s injuries and for damages to his 1950 Buick sedan automobile, arising out of a collision between said automobile and a 1956 Chevrolet three-quarter-ton truck owned by Rudolph Giarrusso and driven by his employee, Bracy. The accident occurred on or about March 27, 1962, in the afternoon. The suit is directed against Giarrusso and his liability insurer. The case was tried by a jury which brought in a verdict for $1,000 in favor of Mrs. Manning and for $248.50 in favor of her husband; judgment was rendered accordingly, and defendants have appealed.
Only factual questions and issues are involved, and after carefully reading the record, we cannot disagree with the findings of the jury which appear to be correct and supported by an abundance of evidence. The accident occurred in the intersection formed by Urquhart and Alvar Streets which cross each other at right angles. Alvar Street is paved and heavily trafficked, while Urquhart Street is blacktopped and the witnesses described it as “bumpy.” The intersection is uncontrolled by any traffic signs or signals. Mrs. Manning was driving the Buick on Alvar Street traveling in a direction away from the Mississippi River; Bracy was operating the truck on Urquhart Street in an uptown direction.
Three eyewitnesses testified, namely, Mrs. Manning, her companion and passenger, Mrs. Remedies, who sat beside her, and one Cousins, who stated he was seated on his front steps on Alvar Street about one-half block from the intersection.
There is some immaterial variance in the testimony of the three witnesses as to how fast Mrs. Manning was driving before reaching the intersection; she fixes her speed at about 10 miles per hour; Mrs. Remedies estimated it at 10-15 miles per hour; Cousins stated the car was traveling 18 or 20 miles per hour. At any rate, we are convinced that Mrs. Manning was driving with circumspection in view of the fact that many children were in the vicinity which she said caused her to exercise caution. She states that upon nearing the intersection she slackened her speed, and as she could not see “very far” into Urquhart Street because a building standing on the corner partially obstructed her vision, she proceeded very slowly into the intersection and “was about a third of the way into the street” when she saw the truck approaching. She brought her car to an abrupt stop and it was then run into by the truck. Mrs. Remedies did not say how far into the intersection the Buick was when Mrs. Manning applied the brakes. Cousins in the main corroborates Mrs. Manning’s testimony by stating that the Buick’s speed was reduced (he heard the squeal of its brakes), and it was about five feet into the intersection and “moving a little — under five miles an hour” when hit by the truck. The panel truck is that type of vehicle whose cab is narrower than the body, and the protruding left front point of the body came into contact with the front of the Buick.
Bracy had left New Orleans and his whereabouts was unknown; hence he did not appear as a witness. By agreement of counsel a written statement which he had *848 given an insurance adjuster shortly after the accident was admitted into evidence with the understanding, however, that plaintiffs did not concede that the contents thereof were true. According to the statement, Bracy was traveling about 15 miles per hour due to the poor condition of the roadway, coupled with the fact that he had a cargo composed of fragile merchandise. He recited that he stopped at Alvar Street and looked in both directions but saw no approaching traffic and then entered the intersection, whereupon he saw the oncoming Buick proceeding at a speed of 40-50 miles per hour. He claims he tried to avert the collision but the Buick hit the side of the truck behind the door of the cab. It would be difficult to believe that Bracy stopped before entering Alvar Street. Mrs. Manning states the truck “was coming too fast” ; Mrs. Remedies said it was going “fast” ; Cousins stated the truck was doing “around thirty miles an hour.”
Even if Bracy’s statement that he stopped at the intersection were to be accepted by the court, he would still be branded with negligence for the simple reason that from a stopped position he emerged into the intersection when Mrs. Manning’s car was about to enter or had actually entered the intersection.
Under LSA-R.S. 32:237 (prevailing at the time of the accident), when two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. Under normal conditions the right of way at this uncontrolled intersection would have been with Bracy. However, said section goes on to say that the driver of any vehicle traveling at an unlawful rate of speed or in an unlawful manner shall forfeit any right of way which he might otherwise have. There is no question of Bracy’s unlawful speed or negligent manner of operation of the truck. See State Farm Mutual Automobile Insurance Company v. United States Fidelity and Guaranty Company, La.App., 111 So.2d 175.
Moreover, the Buick protruded but five feet or so into the intersection, and the witnesses were all in accord that had the driver been vigilant, he would have had the opportunity of veering to his right so as to maneuver the truck around the front of the automobile.
It is with little difficulty that we hold Bracy guilty of one or more of the specifications of negligence charged against him.
Counsel for defendants endeavor to make capital of the fact that Mr. Manning, on behalf of his minor child, and Mrs. Remedies, on her own behalf, claimed damages for injuries from the insurer of the Manning automobile as well as from the insurer of the truck, the argument being that Mr. Manning and Mrs. Remedies by making claim against the insurer of the Manning car in effect admitted that Mrs. Manning was at fault.
We attach no importance to this circumstance. The Manning child and Mrs. Remedies were guest passengers, and it was quite natural through an abundance of caution for the attorneys representing them to assert claims against the insurers of both vehicles involved in the accident.
The defendants make no complaint about quantum. In an answer to the appeal Mrs. Manning seeks an increase in her award to the sum of $3,500, but after reviewing the evidence, we do not think that the amount should be increased. Her injuries were to the muscles of her right forearm and low back with accompanying pain and soreness. She was treated by Dr. H. R. Soboloff, an orthopedic surgeon, whose office she visited about five times during a three-month course of treatment which consisted of heat therapy. Sometime in August Mrs. Manning suffered injury in another accident. We believe that the $1,000 awarded to her does substantial justice.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.